PEOPLE v. TURNEY.

1. CRIMINAL LAW—INFORMATION—LOCUS OF OFFENSE—JURISDIC-
TION.
    An information which charges an offense as having been com-
        mitted "at, to wit," a township, county, and State before
        mentioned, is sufficient to give the circuit court of the county
        jurisdiction.

2. SAME—LARCENY OF CATTLE—CROSS-EXAMINATION OF WITNESSES
—CREDIBILITY.
    Refusal to permit the defense, on a prosecution for stealing
        cattle, to show, by cross-examination of a material witness
        for the people, that he had proposed to others to steal cattle
        and divide the profits, was reversible error, since it affected his
        credibility.·

3. SAME—BIAS OF WITNESS.
    On a prosecution for stealing cattle, it was reversible error to
        exclude evidence that one of the respondents had accused the
        people's witness of the larceny of an animal stolen from said
        respondent, offered for the purpose of showing that the wit-
        ness was biased against them.

4. WITNESSES—VERACITY—REBUTTAL.
    Where a witness' reputation for truth and veracity is attacked
        evidence of fair dealing in business transactions with in-
        dividuals is not competent as sustaining testimony.

Exceptions before judgment from Mecosta; Edwards,
J. Submitted June 12, 1900. Decided July 3, 1900.

William Turney and John Hendricks were convicted
of larceny. Reversed.

*L. G. Palmer* and *John T. Clark*, for appellants.

*Albert B. Cogger*, Prosecuting Attorney, for the peo-
ple.

MOORE, J. The case comes here upon exceptions
before sentence. The respondents were convicted of the

larceny of a cow.   The important part of the information filed against the respondents reads as follows:

"IN THE CIRCUIT COURT FOR THE COUNTY OF ME-
COSTA.

"Albert B. Cogger, prosecuting attorney for the county of Mecosta, aforesaid, for and in behalf of the people of the State of Michigan, comes into said court at the November term, in the year of our Lord one thousand eight hundred ninety-eight, and gives the said court here to understand and be informed that William Turney and John Hendricks, late of the township of Martiny, in the county of Mecosta and State of Michigan, on, to wit, the 20th day of September, A. D. 1895, at, to wit, said township, county, and State, one cow, of the value of fifty dollars, of the goods, chattels, and property of one Stephen W. Foster, then and there being found, feloniously did steal, take, and carry away, contrary to the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

A motion was made to quash the information because it does not charge that any offense was committed within the jurisdiction of the court.   The trial judge overruled the motion.   It is said he erred.   We think the information charges the offense to have been committed at the township of Martiny, in the county of Mecosta and State of Michigan, on the 20th of September, A. D. 1895, and that the trial court made a proper disposition of the motion.

James Lowrey was called as a witness for the people. He testified that he knew the cow said to have been stolen, and that he saw it on the farm of the owner.   He says he was in charge of the meat-market of one Mr. Thomas; that at about midnight he was called up by respondents, who said they had a cow for Mr. Thomas, who was then absent from home; and that he went with them to the slaughter-house, and with their assistance butchered the animal, and put it into the cooler belonging to Mr. Thomas. On the cross-examination of this witness, for the purpose of discrediting him, it was sought to show that he had proposed to various persons to steal cattle and sheep,

they to divide the profits with him. The defense was not allowed to pursue this line of cross-examination. If Mr. Lowrey was a man who proposed to others to steal cattle and divide the profits, it would very properly affect his credit as a witness, and the cross-examination should have been allowed.

For the purpose of showing that the testimony of Mr. Lowrey was actuated by spite, it was sought to show by him that an animal had been stolen from one of the respondents, and that Mr. Lowrey had been accused by respondent of stealing it. The court refused to allow the inquiry to be made. In this we think he erred.

Upon the part of the defense an effort was made to impeach Mr. Lowrey. A number of witnesses were sworn who testified they knew his reputation for truth and veracity in the neighborhood where he resided, and that it was bad. For the purpose of rebutting this testimony, witnesses were called who were allowed to testify that they had had dealings with Mr. Lowrey, and that he treated them fairly in those deals. This was not competent sustaining testimony.

Other errors are assigned, but they are either not well taken or are not likely to occur again. For the errors pointed out the conviction is set aside, and a new trial ordered.

The other Justices concurred.