## LEE *v.* ANDREWS.

WITNESSES — IMPEACHMENT — CHARACTER   WITNESSES — COMPETENCY.

> Witnesses called in rebuttal to sustain the reputation of a witness who has been impeached, who do not state that they know the reputation of the witness, cannot testify to their confidence in his veracity based on their personal knowledge of his character.

Error to Van Buren; Des Voignes, J.   Submitted November 11, 1907.   (Docket No. 147.)   Decided January 31, 1908.

Case by Judson M. Lee against John Andrews for alienating the affections of plaintiff's wife.   There was judgment for plaintiff, and defendant brings error.   Reversed.

*A. J. Lewis, R. M. Chase,* and *T. J. Cavanaugh,* for appellant.

*Gore & Harvey* and *Anderson & Warner,* for appellee.

MOORE, J. This is an action brought to recover damages for alienation of affections. The case was tried before a jury. From a judgment in favor of the plaintiff the defendant appeals. There are many assignments of error. The declaration is an ordinary declaration for alienation of affections, there being no count therein charging adultery or criminal conversation.

The defendant claims that plaintiff was allowed to show in effect that the wife of defendant had made complaint against defendant and the wife of plaintiff; that a warrant was issued and defendant and the wife of plaintiff were arrested. The deposition of the wife of plaintiff was also taken and read in evidence. It is said the effect of this testimony was to get the charge of adultery before the jury, which was not admissible under the pleadings, and to get the testimony of the wife before the jury when it was forbidden by the statute. We think, in view of the disposition we shall make of the case, that it will be unnecessary to decide whether what was done under this branch of the case was reversible error.

The defendant introduced testimony for the purpose of impeaching the plaintiff who was a witness on his own behalf. For the purpose of rebutting this testimony witnesses were called on the part of the plaintiff. The character of the testimony allowed is shown by the testimony of the witness Carmsen, as follows:

" I reside at Bangor; have been druggist there six years. I am acquainted with the plaintiff and some with his wife. * * * I did not know the reputation of the plaintiff in the community prior to bringing this suit. I had not heard it questioned, no, sir. Well, I might have heard it said, but then. I have transacted business with plaintiff quite extensively in the six years. * * * He has dealt with me, usually paid cash. I generally went to his place once a day, and our business relations were satisfactory. Got what I paid for so far as I know.

" Q. From what you know of plaintiff, you would believe his statement under oath?

" A. I would, so far as I know."

On the cross-examination he testified:

" I have heard some talk about Mr. Lee's reputation for truth and veracity that I cannot believe until I see it myself; I never caught him in any lies and I base my testimony entirely upon personal transactions."

The question was not asked the witness if he knew the reputation of Mr. Lee for truth and veracity in the neighborhood where he resided, and there is nothing in the record to show that he did know. Much other testimony of a like character was received over the objection of defendant. We know of no authority which justifies the course pursued, and, because of the reception of this testimony, the judgment is reversed and a new trial ordered. *People* v. *Turney,* 124 Mich. 542. The case of *Merrill* v. *Leisenring,* 149 Mich. 423, will serve as a guide on the new trial.

GRANT, C. J., and BLAIR, CARPENTER, and McALVAY, JJ., concurred.