STATE OF MAINE *vs.* ERNEST SALAMONE.

Cumberland.        Opinion March 18, 1932.

*Walter M. Tapley,*
*Albert Knudsen,* for the State.
*Harry E. Nixon,* for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

FARRINGTON, J. At the September term of the Cumberland County Superior Court, on the trial of the respondent, charged by complaint with the unlawful possession of intoxicating liquors, the only evidence as to the seizure of the liquor which was found in the cellar of the respondent's home on Middle Street in Portland, Maine, was given by Deputy Sheriff Jesse Lowd, and according to the bill of exceptions he was the only witness as to the facts existing at the time of the seizure.

Lowd was asked in cross examination if he knew of any trouble concerning a revolver between Salamone and Deputy Leighton and the other deputies just prior to the seizure. On being asked, "Did you ever hear of that?", Lowd replied, "I don't remember that I ever did." Then this question was asked: "To refresh your recollection, Deputy, concerning this revolver incident, do you recall an argument with Salamone, yourself, and Mr. or Deputy Leighton on Munjoy Hill prior to this seizure?" Objection to a reply was made and the presiding Justice sustained the objection, stating that "The fact, if such there be, that there was trouble is admissible; the details never." The respondent was limited to the right of asking the witness if there had been any trouble between the parties, the presiding Justice remarking, "I have excluded the detail." An exception was allowed, and the witness being finally asked if he recalled any trouble answered, "No; no trouble."

The case is before this court on the exception to the above ruling, as noted, and on an exception to another ruling which in effect prevented the respondent's attorney from asking him if he ever had any trouble with the deputy sheriffs concerning the loss of a revolver belonging to him, the respondent claiming that he was aggrieved by said rulings in that he was prevented from showing bias and prejudice on the part of the witness, Lowd.

There was one other exception which need not be considered.

We can not go outside the bill of exceptions as the printed record of the evidence was not made a part of it. If the evidence were a part, it would control allegations in the bill as to matters of fact, if there were a conflict between them. In this case we may, therefore, regard as true the allegations in the bill as to matters of fact therein stated and agreed to by the State, and there we note the statement that the cellar in which the liquor was found was used by two other tenants as well as by the respondent, who was found guilty by the jury. If the respondent had been permitted to pursue his intended line of inquiry, it is not impossible that the jury might have reached a contrary conclusion in view of facts which might have tended to show bias or hostility and in view of the fact that the cellar was used by two other tenants as well as by the respondent. The exact place where the liquor was found might be of great importance.

The bill discloses that it was the intention of the respondent to offer evidence to the effect that, during a search of a dwelling house occupied by the respondent at a time prior to his occupancy of the dwelling where the liquor was found in the instant case, a bureau in one of the rooms had been searched and a revolver was found to be missing and that there was a controversy between the respondent and witness Lowd and two other deputy sheriffs in which Lowd and the others were accused of stealing the revolver.

In our opinion the presiding Justice should have allowed the inquiries to be made. By the limitation of his rulings he deprived the respondent of the opportunity to revive the memory or refresh the recollection of the witness and thereby closed the door to any effort of the respondent to show bias or prejudice. We hold that the rulings constituted prejudicial error. It was so held under practically the same circumstances in *People* v. *Turney et al*, 124 Mich., 542, 83 N. W., 273.

In *Sanford* v. *State*, 143 Ala., 78, 39 So., 370, it was held error to refuse to permit the respondent to ask of a State witness the question, "Is it not a fact that you and Sanford are unfriendly on account of a whiskey bill you owe him?" See also *Motley, Applt.* v. *State*, 207 Ala., 640, 93 So., 508.

In *Wright* v. *State*, 133 Ark., 16, 201 S. W., 1107, it was held error to exclude the following question asked a witness for the State: "Haven't you been traipsing over this town ever since Mayor Wright has been in office and talking about him, because he got after you for selling cigarettes and running a gaming device?"

In *State* v. *Malmberg et al.*, 14 N. D., 523, 105 N. W., 614, the Court said, "It is therefore the absolute right of the party attacking the credibility of such a witness to elicit by cross examination the facts and circumstances which tend to prove the existence and extent of the supposed improper motives. The extent to which examination into these collateral facts and circumstances shall be permitted rests in the sound discretion of the trial court, and no rule governing the exercise of such discretion can be laid down more definitely than to say that only so much and no more of the facts and circumstances should be admitted as are necessary to give a fairly intelligent understanding of the cause, nature, and extent of the supposed improper influence."

To have permitted the witness, Lowd, and the respondent to answer would not have been going into the details and the questions propounded did not undertake to do so.

"When a witness denies any feeling of hostility or unfriendliness towards the party against whom he has testified injuriously, it is the party's right to inquire, on cross examination, as to the existence of any fact, including previous relationship of course, which in the light of human experience might reasonably engender hostility towards the party, or affect the witness with partisan feeling, and thus impair the trustworthiness of his testimony." *Motley* v. *State*, supra.

An examination of the cases discloses a few which seem to limit the inquiry but the overwhelming trend of the decisions as examined indicates a considerable latitude in examination for the purpose of showing bias or hostility and that the entire matter is largely one in the discretion of the Trial Court. In the instant case, however, we feel that answers to the respondent's interrogations should have been permitted, as it is disclosed to us by the bill of exceptions, and that prejudice may well have resulted by the refusal to permit them. The rulings of the Justice presiding prevented the respondent from showing to the jury not the details of fact but a fact it-

self which might have engendered in the witness bias and hostility which the jury might have regarded as of importance and weight sufficient to create a reasonable doubt of guilt.

Entire exclusion of testimony which might tend to disclose bias or prejudice is not an exercise of sound discretion.

The respondent was entitled to show the fact that there was an accusation that a revolver had been stolen from him and that Mr. Lowd was included in that accusation. It would then have been for the jury to say what effect, if any, this had on the credibility of the witness. We can not say it would have been without effect.

The entry must be,

*Exceptions sustained.*