(93 South. 508)

### MOTLEY v. STATE.   (3 Div. 570.)

(Supreme Court of Alabama.   June 8, 1922.)

**I. Witnesses ⊚⟶372(2)—Evidence to show bias against defendant on account of broken illicit relations held improperly excluded.**

In a rape prosecution, to show that witness was unfriendly and biased against defendant, cross-examination, as to illicit relations existing between them before a "falling out," whether witness was not mad because defendant would not come back to her, and as to her being mad because she demanded he cover a house on account of the illicit relations, and he refused, and that after the relation was broken up that she told him she would get even with him, was improperly excluded.

**2. Witnesses ⊚⟶372(2)—Rule as to inquiry when witness denies hostility stated.**

When a witness denies hostility towards a party against whom he has testified injuriously, it is the party's right on cross-examination to inquire as to the existence of any fact which might reasonably engender hostility or affect witness with partisan feeling.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Lewis Motley was convicted of rape, and he appeals. Reversed and remanded.

The defendant, an adult negro man, was convicted of the crime of rape upon a negro girl about 12 years of age. Willie Houston, a married woman, is an aunt of the victim of the alleged rape, and swore out the warrant charging defendant with the crime, and also testified as a witness for the state to the circumstances of their being with the defendant in his car or truck on the afternoon in question, and of her getting out some distance from the city of Montgomery and sending her said niece on to the city in the truck in company with the defendant, as to which there was no substantial dispute, and following which, according to the girl's testimony, defendant drove her out to a lonely place, and there committed the crime. This witness also testified to the fact of her niece's return to her home just after the alleged assault, of her accusation against the defendant, and of conditions of her body and clothing which indicated that she had in fact been assaulted.

As tending to show the hostility of this witness, the trial judge allowed defendant's counsel to ask her on cross-examination if she had not had a falling out and a difference with defendant; whom she had known for some time, and if she was not angry with him, and if she had not threatened to get even with him, but excluded a number of questions designed to elicit the fact of illicit relations between the witness and defendant, which were broken shortly before the time of the alleged crime, as the cause of her unfriendly feelings.

On the examination of the defendant, the same questions tending to show bad feeling between him and this witness were allowed, and the same line of questions as to the existence of illicit relations were excluded, an exception being duly reserved in each instance.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellant.

The court erred in refusing to permit the defendant to show the bias of the state's witnesses. 40 Cyc. 2066; 28 R. C. L. 615, 125 Ala. 64, 28 South. 92; 136 Ala. 263, 34 South. 26; 58 Ala. 215; 156 Ala. 93, 47 South. 77; 136 Ala. 9, 34 South. 191; 161 Ala. 114, 49 South. 461; 122 Ala. 98, 26 South. 210, 82 Am. St. Rep. 23; 79 Ala. 8; 2 Ala. App. 242, 57 South. 68; 11 Ala. App. 188, 65 South. 702; 17 Ala. App. 301, 84 South. 777; (Ala. App.) 88 South. 376; 16 Ala. App. 485, 79 South.. 159; 16 Ala. App. 68, 75 South. 274.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. For the purpose of showing that the testimony of a female witness who had testified for and favorably to the defendant was biased in his favor, it has been held proper to ask her on cross-examination if illicit relations had not existed between her and the defendant. Martin v. State, 125 Ala. 64, 28 South. 92.

[1, 2] In the instant case, for the purpose of showing that the prosecuting witness was unfriendly and biased against the defendant, it was proposed to show, on the cross-examination of the witness, as well as on the direct examination of the defendant, that illicit relations had recently existed between them before a "falling out" or misunderstanding; one question to the witness being, "Were you not mad with this man because he would not come back to you?" and another, "Is it not a fact that you were mad with him, that you had made a demand upon him that he cover a house for you on account of your illicit relations, and he declined to do it?" and still another, "Isn't it a fact that you all had an illicit relation, and when it was broken up you told him you were going to get even with him?"

When a witness denies any feeling of hostility or unfriendliness towards the party against whom he has testified injuriously, it is the party's right to inquire, on cross-examination, as to the existence of any fact, including previous relationship of course, which in the light of human experience might reasonably engender hostility towards

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the party, or affect the witness with partisan feeling, and thus impair the trustworthiness of his testimony. So. R. R. Co. v. Harrison, 191 Ala. 436, 67 South. 597. And it has been held that, even though the witness admit unfriendly feeling, the adverse party may go further and show its foundation and extent by reference to conduct and declarations and circumstances, but without entering into particulars. Fincher v. State, 58 Ala. 215, wherein the subject is fully discussed. So the question here is simply upon the logical relevancy of such a status of illicit sexual intimacy, thus ruptured and discontinued by the defendant, to show a cause for resentment on the part of his former paramour, and thereby to establish inferentially a sentimental bias which was capable of affecting her testimony.

Without professing any profound understanding of the psychology of ruptured amours, and their emotional reflexes, we do not doubt that, as human nature goes, the facts here sought to be elicited from this witness were relevant and competent for the purpose for which they were offered, and we think the trial court erred in excluding the questions above referred to, and others of like tenor.

This is not denying the rule that the details of a quarrel or difficulty cannot be gone into for the purpose of showing hostility. But it is proper, even before the witness has denied hostility or bias, to inquire as to their existence because of some designated fact or transaction affecting the witness and his relation to the party. This is well illustrated in the case of Sanford v. State, 143 Ala. 78, 39 South. 370, where it was held error to exclude the defendant's question to a state's witness: "Is it not a fact that you and Sanford are unfriendly on account of a whisky bill you owe him?" That case cannot be distinguished in principle from the case before us. A similar example will be found in Shepherd v. State, 135 Ala. 9, 33 South. 266.

Of course the details of the illicit relation cannot be inquired into, and the questions propounded did not undertake to do so. Fincher v. State, 58 Ala. 215. We have held that those questions were proper on the cross-examination of the witness Willie Houston. We do not think that such facts, other than declarations of the witness (Fincher v. State, supra), could be shown by other witnesses as independent evidence, because of the confusion and delay that would necessarily result from the injection and trial of a collateral issue of that scope and character.

We have treated the questions without regard to the privilege of the witness to refuse to incriminate herself by answering them; a matter which is not presented. Sanford v. State, supra.

For the error pointed out, the judgment will be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.