## Carody and Andrews v. Commonwealth.

(Decided March 23, 1923.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Criminal Law—Plea of Former Jeopardy not Renewed Under Second Indictment Held not Presented for Ruling.—Where defendants demurred to the indictment and also filed plea of former jeopardy, demurrer was sustained and the prosecution referred to the grand jury without action on the plea, and the grand jury returned another indictment, charging the same offense, under which defendants were convicted, held, that it was not error to fail to pass on the plea of former jeopardy, as it was filed only under the first indictment, which went out on demurrer, and, as the plea was not filed or renewed after return of the second indictment, the court could not pass on it.

2. Criminal Law—Question of Former Jeopardy Held not Raised by Motion to Dismiss.—A motion to dismiss the indictment cannot take the place of a formal plea of former jeparady.

3.  Intoxicating Liquors—Refusal of Peremptory Instruction Held not
    Error.—In trial for unlawfully manufacturing intoxicating liquors,
    refusal of directed verdict of acquittal held not error; defendants
    having been found in a building in which a still was being operated
    under circumstances indicating that they were assisting in operat-
    ing it.

FRANK A. DOUGLAS for appellants.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellants, together with one Dan Bogsdon, were
indicted for the offense of unlawfully manufacturing in-
toxicating liquors. When the case was called for trial in
the court below they entered a demurrer to the indict-
ment, which was followed by the filing of a plea of former
jeopardy. The court sustained the demurrer and on mo-
tion of the Commonwealth's attorney the prosecution
was referred to the grand jury. No action was then
taken, or requested by the defendants, on the plea of
former jeopardy.

The grand jury found and returned another indict-
ment against all the parties charging the same offense,
under which they were all tried. By verdict of the jury
Bogsdon was acquitted and the appellants found guilty,
their punishment being fixed at a fine of $300.00 and
confinement of five months in jail each. The refusal to
them of a new trial resulted in this appeal.

The appellants complain of error of the trial court:
(1) In failing to pass on their plea of former jeopardy;
(2) in instructing the jury; (3) in refusing a directed
verdict of acquittal.

It will be unnecessary to consider the plea of former
jeopardy, or upon what it was made to rest. This plea
was only filed under the first indictment, and it was not
passed on as it required the introduction of proof which
was never offered, for that indictment went out on de-
murrer without a trial under it; and as the plea of former
jeopardy was never filed or renewed by the appellants
after the return of the second indictment under which
they were tried and convicted, and the court was never
asked to pass on it, it was never acted on and could not
properly have been; consequently, the failure of the
court to pass on it was not error. The overruling by the
court of the appellants' motion to dismiss the indictment

was not error. Such a motion could not take the place of a formal plea of former jeopardy.

The refusal of the peremptory instruction was not error as the evidence strongly conduced to prove the appellants' guilt. The building in the city of Louisville in which they were engaged in the manufacture of whiskey was entered and searched by police officers under a search warrant properly issued. A still was found in operation on the second floor, also quite a quantity of mash and a number of kegs of new moonshine whiskey.

The appellants were on the first floor when the officers entered, as the latter testified, and had in their possession a small quantity of whiskey. They were garbed in working clothes, which were freshly smeared in many places with mash smelling of the still. They then, as the officers further testified, voluntarily admitted their employment by the owner of the still to assist in operating it, but on their trial they denied such admission and claimed that they were only employed to keep the first floor of the building clean, and had no connection with the operation of the still and knew nothing of its presence in the building; and that they were Roumanians and talked English poorly, which might have led the officers to believe they made a confession of guilt.

In brief, the jury could not reasonably have rendered any other verdict than that returned by them, and the punishment awarded was not, as claimed by appellants, so severe as to give any appearance of being the result of passion or prejudice. The instructions were free of substantial error and correctly gave all the law of the case.

No reason is shown for disturbing the verdict and the judgment is affirmed.