60 So.2d 701

## BROADWAY v. STATE.

8 Div. 643.

Supreme Court of Alabama.

June 19, 1952.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Robt. P. Bradley, Montgomery, of counsel, for petition.

Smith, Johnston & Butler, Huntsville, opposed.

FOSTER, Justice.

In this case the Court of Appeals reversed a judgment of conviction in the circuit court whereby appellant was charged with keeping a gaming table under Title 14, section 255 of the Code.

The opinion of the Court of Appeals shows that the defendant did not testify in the case or introduce any witnesses, and that during the argument to the jury the solicitor made the following statement: "Mr. Smith criticizes our witness in this case, but Mr. Smith has not given us any witness to criticize." We presume Mr. Smith, there referred to, was the attorney for defendant in the trial of the case. Defendant's counsel made no objection to the statement of the solicitor during the progress of the trial. The question was raised in no other way than by a motion for a new trial. The opinion of the Court of Appeals reversing the judgment of the circuit court in this respect is based upon its interpretation of the Act of June 23, 1949, General Acts 1949, page 150, which added to section 305 of Title 15 of the Code, the following words: "If the solicitor or other prosecuting attorney makes any comment concerning the defendant's failure to testify, a new trial must be granted on motion filed within thirty days from the entry of the judgment." This was supposed to make it mandatory upon the circuit court to grant the motion for a new trial when any such comment is made during the progress of the trial, although no objection was made to such comment, and it may not appear that the comment was made in the presence of the jury, and although it may not appear that the comment was of such character as to be prejudicial to the defend-

ant, and may have been of such character as that it could have been easily eradicated from the mind of the jury by prompt instructions from the court, and although it is possible that such would have been done if objection had been made.

It is also to be observed that the motion must be granted if it is filed within thirty days from the entry of the judgment, notwithstanding it may not have been brought to the attention of the judge during such thirty day period and continued to some future time as required by section 119, Title 13, Code.

It appears from the language of the amendment itself that there are only two conditions making it mandatory upon the court to grant the motion for a new trial. One is that comment was made by counsel for the State on defendant's failure to testify, and the other is that a motion for a new trial was filed within thirty days from the entry of the judgment.

■ Prior to the adoption of that amendment the rule was well established in this State, interpreting section 305, supra, as it then existed without the amendment, that it was necessary to object to the comment by counsel or to move to exclude it, and then it was the duty of the judge not only to sustain said motion or objection, but also to exercise a reasonable degree of effort to eradicate its effect from the mind of the jury; and if this Court was of the opinion on appeal that the comment of counsel was of such nature as that it was eradicable, and if the court did use reasonable effort which seemed to be sufficient to eradicate its effect upon the jury, the judgment of conviction should not be reversed or a motion for a new trial granted on that account. Gable v. State, 245 Ala. 53, 15 So.2d 600; Arant v. State, 232 Ala. 275, 167 So. 540; Kilpatrick v. State, 213 Ala. 358(22), 104 So. 656; Smith v. State, 34 Ala.App. 194, 38 So.2d 287; Rhodes v. State, 34 Ala.App. 481, 41 So.2d 623; Everage v. State, 33 Ala.App. 291, 33 So.2d 23. In the last cited case the Court of Appeals very carefully collated and analyzed various statements made by prosecuting attorneys, thought to be in violation of sec-

tion 305, supra, with a citation of cases and the results reached in those cases. That analysis of those cases was copied in the opinion by the Court of Appeals in Harris v. State, 33 Ala.App. 623, 36 So.2d 254. Reference to that study is helpful in determining whether or not the comment of the solicitor in the instant case is such as is prohibited by section 305, supra.

■ It is our opinion that such statements not having direct reference to the failure of the defendant to testify should be interpreted in the light of what has transpired in the case, the nature of the evidence against the defendant, the burden of proof fixed by law, and any other circumstances which may have occurred during the trial having a tendency to show that the solicitor was directing his remarks to the failure of the defendant to testify rather than to a failure to submit the testimony of other witnesses, which may have been peculiarly subject to his call and known to defendant to be available to him.

In this case we are not informed in respect to such matters by the opinion of the Court of Appeals. But we are informed that such remark was not objected to, and no attention was given it until after the conviction of the defendant and on the motion for a new trial. It does appear that it was made in argument to the jury. The motion for a new trial was made within the thirty days and continued and kept alive as required by section 119, Title 13, Code.

We are therefore here presented with a situation where, according to the language of the amendment to the Act, it becomes the mandatory duty of the court to grant a new trial on conviction when the State's attorney in argument to the jury commented upon an absence of all witnesses introduced by the defendant which includes himself. The situation so presented, if that effect is given to the statute, makes it a ministerial act on the part of the court, for no judgment of the court is called into play when the record shows that by an interpretation of the remark of counsel it may be found to be broad enough to cover the failure of the defendant to testify regardless of the circumstantial incidents of the trial.

Nothing else may be done except grant a motion for a new trial if defendant is convicted.

We are referred to the Automatic Appeals Act as analogous to the right to make such interpretation and to uphold such an Act thus interpreted. The Automatic Appeals Act is that of June 24, 1943, General Acts 1943, page 219, referring particularly to section 10 of that Act, which is set out in the pocket part of the Code as section 382(10), Title 15. There are two aspects to that provision of the law. One makes it discretionary with the appellate court whether or not the judgment of conviction should be reversed if there is any testimony given in the case by the prosecution which is seriously prejudicial to the rights of the defendant, although there is no objection or exception made. (This of course means unlawful testimony.) The other feature of it is that the appellate court shall consider all the testimony given in the case, and if it reaches the conclusion that the verdict is decidedly contrary to the great weight of the evidence as would be wrong and unjust and that a new trial should be had, the court will enter an order of reversal and grant a new trial, though no motion for a new trial was made in the circuit court.

We wish to observe that there is a substantial and material difference between that feature of the law and the amendment to section 305, supra, in that under section 382(10), supra, a judicial process of the court is called into play, for in either aspect of it the court must exercise its discretion and judgment, whereas under section 305 the construction contended for would deprive both the trial court and this Court of exercising any judgment whatsoever in respect to the matter involved.

It is well understood in this State that the legislature has plenary power to legislate except as that power is restricted by the Constitution either of this State or of the United States. Section 44 of the Constitution of 1901; Ex parte Foshee, 246 Ala. 604, 21 So.2d 827, 828; Sisk v. Cargile, 138 Ala. 164, 35 So. 114.

Section 42 of the Constitution divides the powers of the State into three distinct departments, each of which is confided to a separate body of magistracy, to wit, those which are legislative to one, those which are executive to another, and those which are judicial to another; and section 43 of the Constitution prohibits any of them from exercising the powers of the other.

Section 139 of the Constitution declares what shall constitute the judicial power of the State, which includes the Supreme Court, the circuit courts and other courts there named. It was said in the case of Perkins v. Corbin, 45 Ala. 102, at page 118:

"But aside from this objection to petitioner's claim, the courts of this State are not only divided into courts superior and inferior; they are of different characters. Some are established by the constitution itself—that is, by the people. They do not depend on legislative enactment for existence. They are created at the same time and in the same way with the legislature itself. They are of the same grade in the sovereign power. They are a constituent branch of the government itself. The government under the constitution is not complete without them. These are the 'senate, sitting as a court of impeachment'; the 'supreme court,' the 'circuit courts,' the 'chancery courts,' and the 'courts of probate.'—Const. Ala. 1867, Art. 3, sec. 1; Ib. Art. 6, sec. 1. These courts do not owe their existence to the legislative power, and the legislature can not dispense with them, or abolish them. They are emphatically the people's courts; and they proceed directly from the sovereign will. They constitute a co-ordinate and independent department of the government, and there is no other department of the government that can abolish them. The people alone, in whom is the ultimate sovereign power, can do this. They are each, in their way, constitutional elements of the State sovereignty itself, as represented in the government."

It has been the firm understanding of the courts in the interpretation of the

Constitution that those courts which derive their existence from the Constitution, succeeding common law courts of historic origin, cannot have their functions and their orderly processes disturbed by any legislative enactment. The principle is stated in 21 C.J.S., Courts, § 122, pages 182 to 184, as follows:

"Hence, the universally recognized rule that, except in so far as it is authorized to do so by the constitution, the legislature cannot * * * diminish the essentials of the jurisdiction, functions, or judicial powers so conferred on them, nor abrogate or abridge their inherent powers or functions. In other words, *the legislature cannot take from courts power which it does not give.*" (Italics supplied.)

We made reference to that theory in the case of Ex parte Foshee, supra, where we cited an array of authorities on the subject.

It is with great regret that we are constrained to declare, as we have rarely done, that a legislative enactment hampers the orderly functions of constitutional courts in this State, but it becomes necessary for us to do so when a case arises, and we are satisfied beyond a reasonable doubt that such is a proper interpretation of the situation.

To give the 1949 amendment to section 305, supra, the effect which its language imports is to deprive the circuit court of its constitutional power to function in a judicial way in that respect. It cannot be rightly conceived that there is legislative competency to create a duty on the part of such a court without exercising any discretion or judgment, when a performance of that duty is an exercise of the judicial function, and if it is performed a compliance would result in the duty to perform a ministerial act on the part of the court to grant a motion for a new trial if the defendant is convicted and moves for a new trial. Such, it seems to us, is so plainly an infringement by legislative power upon judicial power that we cannot afford to labor under it. The Constitution which created the circuit court and this Court did not contemplate that it should be required to act

ministerially in passing upon the rights and liberties of parties before those courts, when such act calls for a judicial function. It is with great reluctance we arrive at the conclusion that the amendment of June 23, 1949 cannot be given the effect which its language imports, and violates section 43 of the Constitution. It therefore does not substantially change the rule of law which theretofore existed.

The judgment of the Court of Appeals is reversed and the cause remanded to that court.

Reversed and remanded.

All the Justices concur.