96 So.2d 686

George Perry STREET

v.

STATE of Alabama.

8 Div. 898.

Supreme Court of Alabama.

June 27, 1957.

Howell T. Heflin, Tuscumbia, for petitioner.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., opposed.

GOODWYN, Justice.

We granted certiorari to review the decision of the Court of Appeals in Street v. State, 96 So.2d 680. The writ was granted to review that portion of the Court of Appeals' opinion holding that the re-marks of the solicitor in his argument to the jury were not comments upon defendant's failure to testify, in violation of § 305, Tit. 15, Code 1940, as amended by Act No. 124, appvd. June 23, 1949, Acts 1949, p. 150. We quote the following from the opinion of the Court of Appeals, viz.:

"The defendant did not testify in the case. During the course of his argument to the jury the county solicitor stated: (1) 'There is not one iota of testimony that he has denied this testimony' and (2) 'Has anyone taken the stand and denied that the defendant signed this statement?'

"Defendant's objection to this argument was overruled and his motion for a mistrial was denied.

"Counsel asserts in brief that as the solicitor was making these statements he held in his hand a written statement which had been introduced in evidence as the signed confession of defendant. The main insistence for a reversal is that these remarks were comments upon defendant's failure to testify, in violation of Section 305 of Title 15, Code 1940, which section permits the accused, at his own request, but not otherwise, to testify as a witness in his own behalf, and concludes with this language: 'And his failure to make such a request shall not create any presumption against him, nor be the subject of comment by counsel.'"

It is apparent that the solicitor, in making the statements, was referring to a written statement or confession signed by appellant which had been introduced in evidence.

The position taken by petitioner is that the State's evidence with respect to the statement or confession could have been denied only by the defendant; that the remarks of the solicitor could have only referred to the defendant; and that, therefore, the remarks were clearly a reference to the failure of the defendant to testify.

**290**

In Broadway v. State, 257 Ala. 414, 60 So.2d 701, 702, the solicitor made the following statement:

"Mr. Smith [attorney for defendant] criticizes our witness in this case but Mr. Smith has not given us any witness to criticize."

In commenting on the propriety of this remark, this court said:

"It is our opinion that such statements not having direct reference to the failure of the defendant to testify should be interpreted in the light of what has transpired in the case, the nature of the evidence against the defendant, the burden of proof fixed by law, and any other circumstances which may have occurred during the trial having a tendency to show that the solicitor was directing his remarks to the failure of the defendant to testify rather than to a failure to submit the testimony of other witnesses, which may have been peculiarly subject to his call and known to defendant to be available to him."

It is difficult to see how the solicitor's remarks could reasonably be interpreted other than as referring to the failure of defendant himself to take the stand and deny the confession. It is certainly not the usual thing for witnesses to a written confession to be produced by the defendant to disprove its execution. In the instant case the confession was witnessed by the sheriff and two police officers. These and the defendant are the only persons who might reasonably be expected to be called as witnesses to prove or disprove its execution. The sheriff did not testify but the two police officers testified to the execution of the confession. To say that the remarks were intended to reflect only on the failure of defendant to produce the sheriff as a witness to deny the execution is beyond our reach. In this case the only person who could be expected to deny the confession was the defendant. Being so, his failure to deny clearly means his failure to testify. It seems to us that this interpretation of the remarks is one naturally flowing from them under the circumstances. And we do not think we would be justified in assuming that the jury did not give to the remarks the same interpretation.

We are constrained to hold, in the light of the circumstances, that the remarks of the solicitor were violative of § 305, Tit. 15, as amended, supra, and that the judgment of the Court of Appeals is due to be reversed and the cause remanded to that court.

Judgment of Court of Appeals reversed and the cause remanded to that court.

All the Justices concur except STAKELY, J., not sitting.