288 So.2d 826

In re Patrick WARREN

v.

STATE of Alabama.
Ex parte Patrick Warren.

SC 392.

Supreme Court of Alabama.

Dec. 6, 1973.

Thomas M. Haas and Ian F. Gaston, Mobile, for petitioner.

No brief for the State.

McCALL, Justice.

The defendant was convicted of illegally selling marijuana. Under a writ of certiorari, he seeks a reversal of an affirmation of that conviction by the Court of Criminal Appeals, 52 Ala.App. 35, 288 So.2d 817.

His first contention is that the trial court erroneously permitted the prosecuting attorney to make a comment in closing argument concerning his failure to testify in the case, in violation of Tit. 15, § 305, Code of Alabama, Recompiled 1958. The State's attorney told the jury: "The only one that said he didn't sell it [marijuana] was the little brother." The court overruled the defendant's objection that this was an improper comment on his failure to testify. The State contends that the statement did not raise an impermissible reference to the defendant's failure to take the stand and testify; and furthermore, that it was not a direct reference to the defendant's failure to testify.

While the purpose of the statute, Tit. 15, § 305, is clear, its application to different factual situations is not always an easy task, and oftentimes presents a thought provoking question. The State contends that the prosecutor had a right to counter the weight and credibility of the "little brother's" testimony that no sale had taken place. At the same time we think the State might very well have made its point without specifying that the little brother is "the only one that said he didn't sell it." The State's witness having testified that the defendant did sell the marijuana, there was no other person, who could have testified that the defendant did not sell it, than the defendant himself. The alleged sale occurred at the accused's residence in the presence of his younger brother and an undercover agent. In our

opinion this leaves the prosecutor's argument precisely pointing to the failure of the defendant to testify that he did not make the sale, and therefore within the prohibition of the statute. § 305.

■ To be objectionable under the statute, the comment need not be a direct statement such as: "The defendant did not take the stand and deny the accusation against him." It falls within the purview of prohibited argument if the statement, interpreted in the light of the circumstances of what has transpired in the case, the nature of the evidence against the defendant, the burden of proof fixed by law, and any other circumstances which may have occurred during the trial, has a tendency to show that the solicitor was directing his remark to the failure of the defendant to testify, rather than to a failure by the defendant to submit the testimony of other witnesses who may have been peculiarly subject to his call and known to the defendant to be available to him. Broadway v. State, 257 Ala. 414, 416, 60 So.2d 701; Street v. State, 266 Ala. 289, 96 So.2d 686; Padgett v. State, 45 Ala.App. 56, 223 So.2d 597. It was error not to have sustained the objection to the prosecutor's remark.

The defendant called two witnesses to show that he was entrapped by the undercover agent at the time of the alleged sale of the marijuana. The State was permitted over objection to cross-examine these witnesses as to whether or not they had ever used drugs and smoked marijuana. The defendant contends that the obvious purpose of the questions was solely to discredit his witnesses by singling them out as immoral violators of the law, rather than to show bias or interest on their part.

■ We think the interrogation was within the scope of legitimate cross-examination. An individual's freedom to indulge in the use of narcotic drugs and marijuana, though declared illegal, remains a public issue in the opinions and actions of many people. In their opinions, people are sharply divided and vocally pronounced on one side or the other of this issue. It cannot be concluded that a witness who himself uses narcotics and marijuana will be unbiased or impartial when he testifies in a cause such as the instant case. The sought-after testimony tends to show a possible bias or interest on the part of the witness for the cause or the offense for which the defendant was being prosecuted, and this may always be shown as affecting the credibility of the witness' testimony. Ex parte State, 199 Ala. 255, 259, 74 So. 366; Martin v. State, 125 Ala. 64, 28 So. 92; Motley v. State, 207 Ala. 640, 93 So. 508; Raper v. State, 30 Ala.App. 302, 4 So.2d 657.

In 98 C.J.S. Witnesses § 559, p. 498, it is stated:

"* * * It is proper to elicit on cross-examination the feelings, attitude, or relation of the witness to the case or cause, or to the subject matter of the action or proceeding, or of his testimony."

■ The privilege of the witness to refuse to incriminate himself by answering pertinent questions is personal to the witness, and cannot be claimed by or for another, including the party by or against whom he is called to testify. 98 C.J.S. Witnesses § 451, p. 291; Southern Ry. Co. v. Bush, 122 Ala. 470, 26 So. 168. The overruling of the defendant's objections to the questions propounded to the witnesses as to their use of narcotic drugs and marijuana was without error.

■ The defendant's next contention is that he filed a plea of former jeopardy which raised a jury issue. He asserts that the failure of the trial court to submit this issue to the jury for consideration requires reversal. We deem the defendant's pleading, asserting former jeopardy, not to be a special plea of that defense, but a motion to dismiss the indictment. It is so charac-

terized, and, by its allegations, it is such in substance. In the motion, the defendant moves the court to dismiss the indictment and discharge him on the ground that he was placed in former jeopardy when he entered a plea of not guilty to a complaint, allegedly charging a misdemeanor in the lower court, which subsequently bound him over to the grand jury. The motion concludes with the allegation that this action acquitted the defendant of the misdemeanor as charged in the complaint, and hence, he is now due to be discharged.

The motion is not verified, and it was submitted to the court without supporting evidence by the defendant as a motion to dismiss after an oral argument as to its merits. Nothing in the record substantiates its averments. We conclude that there was no error in the court's ruling in this matter.

It also is to be observed that in Johnson v. State, 134 Ala. 54, 32 So. 724, this court held that former jeopardy or acquittal furnishes no ground for quashing an indictment, but that the defense should be raised by special plea. We think the same rule should apply where the special defense is sought to be raised by a motion to dismiss. In Carody v. Commonwealth, 198 Ky. 440, 248 S.W. 1013, the court said that the overruling of the appellant's motion to dismiss the indictment was not error, because such a motion could not take the place of a formal plea of former jeopardy.

Prior to the trial, the defendant filed a motion with the Circuit Clerk to require the State to produce the substance, which the State expected to use as evidence against him, in order to have an examination and chemical analysis made to determine for himself its properties. He contends that this analysis may very well have proved that the form of the substance in question was not prohibited. The court denied the motion on the ground that it was not timely insisted upon.

When a defendant pleads not guilty in a criminal case, the State carries a heavy burden of proof to establish his guilt by the evidence before the jury, and the State's burden should in no manner diminish the defendant's right to test and question, by all legitimate methods, the weight and credibility of the State's evidence against him at all stages of the trial. Impartiality and fairness require that the defendant be aided by all available processes of the court, when invoked, to enable him to test and question the authenticity of the State's evidence against him. So where the contents of an allegedly prohibited substance is in issue and is to be offered against him, is it asking too much for the defendant, that he be allowed as much opportunity to determine the nature of the substance and its characteristics as has been afforded the State? We think not, and it is no answer to the question that the State's expert witness is a skillful scientist and a creditable witness. To enable one to present his defense fully and effectively, the right of cross-examination, thorough and sifting, must remain inviolate, and to enable the defendant to invoke this right, on motion, he should be furnished a sample of the allegedly prohibited substance that will be offered against him in the trial so that he can have its qualities researched by scientists of his choosing. We think that to deny him this right is to deny him due process, especially where his motion to produce was made well in advance of the trial so that it could have been ruled on by the court without causing any undue delay in the trial.

The Supreme Court of Mississippi has held in Jackson v. State, 243 So.2d 396 (Miss., 1971), that due process mandatorily requires the granting of a defendant's motion for a sample to enable an independent chemist to give an opinion as to whether prohibited marijuana was present in the proffered substance. In that case the court said:

"* * * The guilt or innocence, prison sentence or acquittal, of the de-

fendant depends entirely upon the identification of the contents of the boxes as marijuana. This substance was relevant, material, competent and, in fact, necessary evidence to defendant's conviction. Under this circumstance we are of the opinion that due process of law requires, upon the court's attention being directed thereto by motion, that the analysis of the substance not be left totally within the province of the state chemist. The defendant having made proper and timely motion for a portion of the substance, it should have been made available to his attorney, as an officer of the court, and under such safeguards as the trial court deemed necessary, for inspection and analysis. We hasten to add that this opinion is limited to the alleged possession or sale of a prohibited substance where the outcome of the case is dependent upon its identification as contraband. We conclude, therefore, that the lower court erred in not sustaining the defendant's motion for a portion of the seized substance."

See also the case of Armstrong v. State, 214 So.2d 589, 596 (Miss., 1968), wherein the court stated:

" * * * [T]he defendant should be permitted to inspect tangible evidence which may be used against him or which may be useful in his defense. This does not mean that a defendant may peruse the private files of a prosecuting attorney or examine his private notes. It does mean, however, that the concept of 'due process' and 'fair trial' requires that material, tangible evidence must not be concealed from the defendant who is accused of crime. There is no good reason why the defendant in a civil case should be entitled to more liberal right to tangible evidence in the possession of his adversary under the authority of section 1659, Mississippi Code 1942 Annotated (1956) than is a person under a serious criminal charge."

In the case of State v. McArdle, 194 S. E.2d 174 (W.Va.1973), there was a statute providing for the prosecuting attorney to permit the defendant to make examinations in instances of this kind. The court said:

"In view of the testimony adduced in this case and the theory of defense relied upon by the defendant we are unable to agree with the state's position. The defendant bases his defense on his testimony wherein he related that he sold to Trooper Wills only the stalks and parts of the marijuana plant that are not illegal under Code, 1931, 60A–1–101(n), as amended. He should have been afforded an opportunity to have an expert of his choice conduct a thorough examination of the substance and make whatever tests said expert may have deemed necessary so that he could have offered meaningful testimony in support of his theory of the case. The only test offered by the state proving this to be marijuana does not distinguish the illegal parts of the plant from the legal. In other words, the substance offered in evidence and tested by the chemist in the Department of Public Safety was doubtless shown to be marijuana but it could very well have been the part of the plant which is not illegal under the aforesaid statute. * * *"

In James v. Commonwealth, 482 S.W.2d 92 at 94 (Ky., 1972), notwithstanding the existence of a statute authorizing the court to order the attorney for the Commonwealth to permit the defendant to inspect and copy or photograph any relevant scientific tests or experiments made in connection with the particular case, the court seems to hold that the defendant had a right to a sample for inspection by his own chemist irrespective of the statute. The court said:

" * * * A cat and mouse game whereby the Commonwealth is permitted to withhold important information re-

quested by the accused cannot be countenanced. In the case of Jackson v. State, Miss., 243 So.2d 396 (1971), it was held error to refuse to furnish the accused with a sample of the marijuana for the purpose of enabling a chemist employed by defendant to determine whether the substance was in fact marijuana. It was held in People v. Perrell, 47 Misc.2d 1024, 263 N.Y.S.2d 640 (1965), that the accused had a right to have the narcotic analyzed under the supervision and on the premises of the police laboratory. * * * "

The truth vel non of the qualities of the substance is put in issue by the defendant's plea of not guilty. All evidence as to that truth is the very essence of determining the guilt or innocence of the accused and should be sought. We think that the court erred in denying the defendant's motions.

The trial court may consider prescribing reasonable safeguards to protect the sample against any violation of its integrity during the course of its examination, if such is deemed necessary, by having the analysis conducted in the presence of the court's representative or in any other reasonable manner.

The decision of the Court of Criminal Appeals is reversed and the case is remanded to the Court of Criminal Appeals to conform to the decision of this court.

Reversed and remanded.

MERRILL, COLEMAN, HARWOOD, FAULKNER and JONES, JJ., concur.

HEFLIN, C. J., concurs in the result.

BLOODWORTH and MADDOX JJ., concur specially.

BLOODWORTH, Justice (concurring specially):

I concur in that part of Mr. Justice McCall's opinion for the court holding there was reversible error in the denial of defendant's "motion to produce" the substance which the state expected to use as evidence against him. Jackson v. State, 243 So.2d 396 (Miss., 1971). I also concur in the conclusion that there was no reversible error because of "double jeopardy."

Whether or not there was reversible error in overruling the defendant's objection to the argument by the prosecuting attorney as being a comment on his "failure to take the stand" need not be reached in view of the reversal for denying the motion to produce. It is a close question, in my judgment. Hopefully, such a questionable argument will not reoccur on another trial.

The remaining issue is whether the questions put to defendant's witnesses by the state as to whether or not they used drugs or marijuana were admissible to show bias. Again, I must state that I have grave doubts as to the admissibility of such evidence even to show bias. Judge McElroy, in his valuable treatise Law of Evidence in Alabama, 2nd Ed., Vol. 1, Sec. 149.01(7), p. 352, cites cases allowing cross-examination by both state and defendant to show that witness was arrested or indicted for "the same criminal act" as that for which accused is being tried. But, the questions posed clearly do not fall within that rule. Here, the witnesses were asked whether they had *ever* used drugs or smoked marijuana. I have been unable to find any case in Alabama permitting such a broad inquiry to show bias. None of the cases cited in the majority opinion support such holding. Nevertheless, I would not reach this issue in view of the reversal on other grounds.

MADDOX, J., concurs.