461 So.2d 852 (1984)
Ex Parte Danny Ray WILLIAMS.
In re Danny Ray WILLIAMS
v.
STATE of Alabama.
82-1026.
Supreme Court of Alabama.
September 14, 1984.
Rehearing Denied November 9, 1984.
*853 Orson L. Johnson, Birmingham, for petitioner.
Charles A. Graddick, Atty. Gen., and Edward Carnes and William D. Little, Asst. Attys. Gen., for respondent.
PER CURIAM.
Danny Ray Williams was convicted in the Jefferson County Circuit Court of the capital charge of "[m]urder in the first degree when the killing was done for a pecuniary or other valuable consideration or pursuant to a contract for hire." Code 1975, § 13A-5-31(a)(7) (Repealed).[1] After the jury found defendant guilty, the trial court held a sentence determination hearing at which time the jury recommended the punishment be death. The trial judge held his own sentence determination hearing, agreed with the jury's recommendation, and set defendant's punishment at death. The Court of Criminal Appeals reviewed the issues raised by defendant and found no error. It also undertook a comparison of similar crimes throughout the state and the sentences imposed upon defendant's accomplices, as required by this Court's opinion in Beck v. State, 396 So.2d 645, 664 (Ala. 1981), and upheld defendant's conviction and sentence of death.
We find, because the prosecutor made an impermissible comment on the defendant's failure to testify, that the defendant is entitled to a new trial.
During his closing argument, the deputy district attorney made the following statement to the jury:
"There is a lot of things said about the statement from the stand. If you want to feel sorry for the fact that maybe Danny Ray Williams was fooled into telling the police about it, about his part in this thing, it might be one thing, it might be one thing if Danny Ray Williams had been coerced or somehow forced into making a statement about a crime he didn't commit; that might be one thing. But there's no testimony that he was coerced into making a statement about something he didn't do. You think about that. That's very important when you think about that. There's no evidence presented on the stand that Danny Ray Williams made a statement for something he didn't do."

(Emphasis added). Defendant contends that this statement was a comment by the prosecutor on his failure to testify and thus requires this Court to reverse his conviction.
The Court of Criminal Appeals decided that this statement was not an improper comment. That court stated the following for its reasons:
"The rule is that a statement by a prosecuting attorney to the effect that the evidence for the state is uncontradicted or undenied is not a comment on the defendant's failure to testify unless the defendant himself is the only one who can contradict or deny the evidence.
"This rule was not violated because the record reflects that there were three people present when the defendant gave his confession on April 4th: Sergeant Don Emerson, the defendant, and Jo Ellen Townsend. Townsend did not testify."
Williams v. State, 461 So.2d 834 (Ala. Crim.App.1983) (citations omitted).
We do not disagree with the rule stated by the Court of Criminal Appeals. A prosecutor has the latitude to comment on the fact that the State's evidence is uncontradicted or has not been denied. Beecher v. State, 294 Ala. 674, 682, 320 So.2d 727, 734 (1975). However, a prosecutor may not make comments that step over the line drawn by the right of a defendant not to testify at trial. Beecher, 294 Ala. at 682, 320 So.2d at 734. Comments made by a prosecutor on a defendant's failure to testify are of a highly prejudicial and harmful nature, and this Court must carefully guard against a violation of a defendant's constitutional right not to testify. Whitt v. *854 State, 370 So.2d 736, 739 (Ala.1979). In a case in which there has been a direct reference to a defendant's failure to testify and the trial court has not acted promptly to cure that comment, the conviction must be reversed. Whitt, 370 So.2d at 739. In a case in which there has been only an indirect reference to a defendant's failure to testify, in order for the comment to constitute reversible error there must be a virtual identification of the defendant as the person who did not become a witness. Ex parte Yarber, 375 So.2d 1231, 1234 (Ala. 1979).
In this case, the Court of Criminal Appeals reasoned that because a third person had witnessed the confession given by the defendant, the prosecutor's comments were aimed solely at the fact that defendant had not produced any witnesses to rebut the State's testimony that no coercion had taken place. In the case of Street v. State, 266 Ala. 289, 96 So.2d 686 (1957), the prosecutor asked the question, "[H]as anyone taken the stand and denied that the defendant signed the statement?" The State had produced two witnesses who testified that the defendant's statement had been properly executed and signed by him. The defendant produced no witnesses challenging this testimony, although a sheriff who had also witnessed the alleged signing did not testify. This Court wrote, "To say that the remarks were intended to reflect only on the failure of the defendant to produce the sheriff as a witness to deny the execution is beyond our reach," and, "In this case, the only person who could be expected to deny the confession was the defendant." 266 Ala. at 290, 96 So.2d at 687.
Similarly, in this case, probably the only person the jury could have expected to rebut the State's evidence that the confession was not coerced was the defendant. The prosecutor mentioned the defendant by name and said that no evidence had been presented on the stand to indicate that the confession had been coerced. Though by an indirect reference, the prosecutor did virtually identify the defendant as the person who did not take the stand. To say that the comment by the prosecutor was merely a remark that the defendant had not called someone other than himself to the stand to testify that his confession was coerced is also "beyond our reach."
Therefore, the judgment of the Court of Criminal Appeals must be reversed, and the case remanded to that court with instructions to order a new trial.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY, and ADAMS, JJ., concur.
EMBRY, J., concurs specially.
EMBRY, Justice (specially concurring):
Because the prosecutor made an impermissible comment on defendant's failure to testify, I would hold that defendant is entitled to a new trial for the reason that I deem the closing argument of the deputy district attorney to the jury:
"There is a lot of things said about the statement from the stand. If you want to feel sorry for the fact that maybe Danny Ray Williams was fooled into telling the police about it, about his part in this thing, it might be one thing, it might be one thing if Danny Ray Williams had been coerced or somehow forced into making a statement about a crime he didn't commit; that might be one thing. But there's no testimony that he was coerced into making a statement about something he didn't do. You think about that. That's very important when you think about that. There's no evidence presented on the stand that Danny Ray Williams made a statement for something he didn't do." (Emphasis added.),
to be a direct reference to defendant's failure to testify.
NOTES
[1] Although this statute was repealed effective July 1, 1981, it remained effective as to conduct committed prior to that date. See Ala.Acts 1981, No. 81-178, § 20.