McMILLAN, Judge.
The appellant, Keith Lynn Jones, was found guilty of possession of marijuana for personal use, in violation of the Alabama Uniform Control Substances Act. He was sentenced to five years’ imprisonment, fined $1,000 and ordered to pay $25 to the victims’ compensation fund.
I
The appellant argues that the trial court erred in allowing the prosecutor to ask a defense witness if he and the appellant had smoked marijuana together. He alleges that error was further committed when the prosecutor was allowed to ask the same defense witness if he was aware that the appellant had been previously convicted of a drug offense. The appellant bases his first argument on the principle that no witness may be impeached by evidence of any specific misconduct or crime for which he has not been convicted, citing United States v. Turquitt, 557 F.2d 464 (5th Cir.1977). He also cites Ex parte Jefferson, 473 So.2d 1110 (Ala.1985), cert. denied, 479 U.S. 922, 107 S.Ct. 328, 93 L.Ed.2d 300 (1986), wherein the court stated that “whether a defendant has been guilty of wrongful conduct or the commission of an offense for which there has been no conviction is not proper inquiry.” Id. at 1115 and cases cited therein. However, the State argues that the question was proper as tending to show the bias of the defense witness and test his credibility.
In Warren v. State, 292 Ala. 71, 288 So.2d 826 (1973), the Court addressed this issue where the State had been permitted over objection to cross-examine two defense witnesses as to whether they had ever used drugs or smoked marijuana.[1] The Court stated:
“It cannot be concluded that a witness who himself uses narcotics and marijuana will be unbiased or impartial when he testifies in a cause such as the instant case. The sought-after testimony tends *797 to show a possible bias or interest on the part of the witness for the cause or the offense for which the defendant was being prosecuted, and this may always be shown as affecting the credibility of the witness’ testimony. Ex parte State, 199 Ala. 255, 259, 74 So. 366; Martin v. State, 125 Ala. 64, 28 So. 92; Motley v. State, 207 Ala. 640, 93 So. 508; Raper v. State, 30 Ala.App. 302, 4 So.2d 657.
“In 98 C.J.S. Witnesses § 559, p. 498, it is stated:
“ ‘ * * * It is proper to illicit on cross-examination the feelings, attitude, or relation of the witness to the case or cause, or to the subject matter of the action or proceedings, or of his testimony.’ ”
Warren v. State, 292 Ala. at 74, 288 So.2d at 829. Thus, the Alabama Supreme Court in Warren v. State, supra, appears to have carved out an exception to the general rule that impeachment by showing the bias of a defense witness may not be proved by any criminal wrongdoing short of a conviction. See C. Gamble, McElroy’s Alabama Evidence § 149.01(9) (3d ed. 1977). See also Webster v. State, 19 Ala.App. 587, 100 So. 201, cert. denied, 211 Ala. 316, 100 So. 202 (1924) (evidence that State’s witness had charges of manufacturing whiskey pending against him was inadmissible to show bias in a case for violation of the prohibition law). Because of the factual similarity between the case at bar and Warren v. State, supra, we are bound by the Court’s decision in that case. See Thomason v. Dill, 34 Ala. 175 (1859).
As to the prosecutor’s question of the defense witness concerning his awareness that the appellant had been previously convicted of a drug offense, the State argues that the question was intended to reveal the witness’s bias in favor of the appellant. This defense witness was the appellant’s stepbrother. The witness testified on direct examination that the marijuana belonged to him. He testified that he was driving the appellant to work and that, after the appellant got in the automobile, he put on a jacket which was on the back seat of the automobile. The witness testified that the appellant did not know that there was marijuana in the jacket’s pocket.
The record indicates that the exact question asked by the prosecutor was: “Were you made aware of, did you become aware as this case came on for trial, that if you were convicted, if Keith Jones were convicted, that it would be a felony conviction?” Subsequently, the prosecutor asked the witness: “And did you either think or were you informed or someone told you and, in fact, you inquired even as of today, that if you are convicted, it would be a misdemeanor conviction?” The prosecutor also asked: “And the fact that it was a felony conviction as opposed to a misdemeanor conviction didn’t have anything to do with it?”
The record further indicates that after the prosecutor asked the witness if he was aware that the appellant had been previously convicted of a drug offense, the trial court instructed the jury as follows:
“Well, ladies and gentlemen, this is not going to whether it’s the truth or not. It’s a matter that was touched upon outside of your presence. And the questions concerning a prior conviction of this Defendant certainly should have no bearing upon whether you acquit or convict him. This is simply for cross-examination of this witness going to the reasons for his coming forward. And the question will be allowed. But, again, you are not to give any weight or credence to any inference that the person has been convicted, and certainly you are not to base any decision upon whether he has been convicted or not in another case at another time.”
After the prosecutor’s subsequent question, the trial court again instructed the jurors that the question dealt with the witness’s state of mind and his reasons for coming forward, regardless of whether the witness was correct about any conclusion.
The prosecutor’s question was proper because it indicated the witness’s bias in favor of the appellant as an inference that he was motivated to confess because he would only be guilty of misdemeanor possession, whereas his stepbrother, the appel *798 lant, would be guilty of felony possession. In Stephens v. State, 252 Ala. 183, 40 So.2d 90 (1949), the appellant argued that the trial court erred in permitting the prosecutor, on cross-examination of two defense witnesses, to show that they had been confined in jail with the appellant. The Court held:
“Their testimony was of a nature highly beneficial to the defendant. They denied having ever discussed with the defendant the facts about which they testified. Under such circumstances we think the State was entitled to show that these witnesses were friendly with the defendant and in touch with him prior to the first trial. Such proof should not be withheld because of the fact that it also shows that the witnesses had been confined in jail with the defendant.”
Stephens v. State, 252 Ala. at 185, 40 So.2d at 92. The cross-examination was proper as testing the witness’s interest, bias, and connection with the party for whom he was testifying. Id.
“The range of external circumstances from which probable bias may be inferred is infinite.” 3A Wigmore, Evidence § 949 (Chadboum rev.). “Partiality, or any acts, relationships or motives reasonably likely to produce it, may be proved to impeach credibility.” McCormick, Evidence § 40 (2d ed. 1972).
II
The appellant argues that the trial court erred by allowing, during the cross-examination of the appellant’s testimony, the prosecutor to impeach his credibility by showing that he had a prior conviction for the sale of marijuana. The State argues that the question was proper because a defendant may be impeached by showing that he has been convicted of a crime involving moral turpitude. § 12-21-162(b), Code of Alabama (1975). This Court has previously held that selling marijuana is a crime involving moral turpitude and that a witness may be impeached by that conviction. Gholston v. State, 338 So.2d 454 (Ala.Cr.App.1976). See also Ex parte McIntosh, 443 So.2d 1283, 1285 (Ala.1983). Because a defendant who takes the stand during a criminal trial in his own behalf may be cross-examined concerning prior convictions for crimes involving moral turpitude, Ex parte McIntosh, supra, at 1284; Sims v. State, 51 Ala.App. 183, 191, 283 So.2d 635, 642 (1973), no error exists in the prosecutor’s questions.
The appellant also argues that, after he admitted his prior conviction for a violation of the Alabama Uniform Controlled Substances Act, the State should not have been allowed to inquire as to whether the “underlying charge” was the sale of marijuana. However, the prosecutor’s question was necessary to establish that the charge was for the sale of marijuana rather than possession of marijuana, because possession of marijuana is not a crime involving moral turpitude. Wilson v. State, 520 So.2d 205 (Ala.Cr.App.1987); Neary v. State, 469 So.2d 1321 (Ala.Cr.App.1985).
After the prosecutor’s questions, the trial court instructed the jury as follows:
“The objection is overruled. And, ladies and gentlemen, the question is allowed simply now on cross-examination going to the answers that he has given about his lack of knowledge about how marijuana is handled and about this situation in this case. However, you are not to convict him on anything that he did on a prior occasion. This is simply allowed as impeachment on cross-examination to determine his truthfulness as a witness. And if you find, of course, that he is not telling you the truth about a material matter, you may disregard his testimony. That is the basis the question is allowed upon. You should not convict him because he might have been convicted upon a prior occasion of a violation of the Alabama Uniform Controlled Subst2 goes to impeachment to some of the answers he has given in this case.”
The trial court properly instructed the jury as to the purpose behind the prosecutor’s questions and the way they were to be construed.
*799 III
The appellant argues that there was not probable cause to stop him and place him under arrest on a bench warrant. Specifically, the appellant maintains that because he was stopped on a bench warrant, which is not a felony arrest warrant, the officer must have had the arrest warrant in his possession at the time of the arrest. This issue was never raised at any time during trial, nor was it raised by a pre-trial motion to suppress the evidence. Therefore, this issue is waived. Peterson v. State, 484 So.2d 557 (Ala.Cr.App.1986).
AFFIRMED.
All Judges concur.

. The appellant was convicted of selling marijuana.