We granted James Allen Purser's petition for a writ of certiorari to determine whether the Court of Criminal Appeals erred in affirming Purser's conviction, 607 So.2d 298, despite the trial court's failure to grant Purser a mistrial after Purser objected to a comment made by the prosecutor during opening statements. Purser argues that the prosecutor's comment was a comment on whether Purser would testify and thus that it violated Ala. Code 1975, § 12-21-220.
Purser was convicted for the murder of Mark Pollard and the attempted murder of Karen Denise Purser, his estranged wife. During the prosecutor's opening statement, the following occurred:
 "[PROSECUTOR]: It all hinges on Karen Purser. She's the only one out there at the Pine Bowl when it all happens, and she can tell you what happened. Well, excuse me. She's not the only one, other than Mark Pollard, who is no longer with us, and Allen Purser, who is on trial for killing Mark Pollard and trying to kill Karen.
"[DEFENSE COUNSEL]: I object, Your Honor.
"THE COURT: Overruled.
"[DEFENSE COUNSEL]: May we approach the bench?
"(Bench conference off the record.)
"THE COURT: All right. Go ahead."
The Court of Criminal Appeals held that because defense counsel made only a general objection to the comment, there was no reversible error presented. That court further stated that the trial court also offered curative instructions, which it said defense counsel "refused as a matter of strategy." The Court of Criminal Appeals also noted, however, that, at times, a general objection will suffice to preserve for review the issue of improper comment on a defendant's failure to testify.
Quoting from Lawrence v. State, 409 So.2d 987
(Ala.Crim.App. 1982), the Court of Criminal Appeals stated:
 " 'Specific objections or motions are generally necessary before the ruling of the trial judge is subject to review, unless the ground is so obvious that the trial court's failure to act constitutes prejudicial error. Ward v. State, 376 So.2d 1112 (Ala.Crim.App. 1979), cert. denied, Ex parte Ward, 376 So.2d 1117 (Ala. 1979); Slinker v. State, 344 So.2d 1264
(Ala.Crim.App. 1977).' 409 So.2d at 989. (Emphasis added.)"
409 So.2d at 989. According to the Court of Criminal Appeals, the comments in this case "rise dangerously close to that level," and, it said, "[U]nder proper circumstances we would not hesitate to reverse for improper comments of this type by the prosecutor." The court proceeded to hold, however, that, "because the objection was general and not specific,and because the curative instruction was refused, we affirm the judgment of the trial court." Id. (emphasis in original). *Page 303 
We note initially that the fact that the comment occurred during opening statements, rather than during closing arguments, does not prevent the remark from being a comment on the defendant's failure to testify. The Court of Criminal Appeals properly quoted the following from an opinion by Judge Harris for that court:
 "It does not matter that during the opening statement the accused has or has not taken the stand, his constitutional right to remain silent may still be violated. The argument that no harm can be ascertained from remarks indifferent to that right until closing arguments, after the accused has elected not to testify is ill conceived and ill thought out. Certainly, we would be remiss in our duty if we failed to recognize the danger of the district attorney, early in the proceedings, directly or indirectly focusing the jury's attention on what the accused will or will not testify to, or on what he previously has or has not admitted. In many instances, if this tactic were allowed, the prejudice to the accused would be even greater than if the comment were made after all the testimony had been taken. If permitted, the jury would be on their constant guard, anticipating the accused's 'chance to tell his story.' This form of prejudice to an accused's right to receive a fair trial will not be sanctioned or tolerated by this court. An accused's right to remain silent is inviolable at every stage in the proceedings and must be afforded due protection."
Collins v. State, 385 So.2d 993, 1001
(Ala.Cr.App. 1979), reversed on other grounds, 385 So.2d 1005
(Ala. 1980).
After defense counsel objected to the prosecutor's comment during opening statements, the court overruled the objection, and then defense counsel asked to approach the bench. The bench conference was off the record; however, the record shows that, during a recess after the testimony of the state's first two witnesses, the following occurred:
"THE COURT: All right. Gentlemen, anything else?
 "[DEFENSE COUNSEL]: As the Court will remember, His Honor gave me an opportunity to place something on the record timely pursuant to my objection in [the prosecutor's] opening remarks.
 "Your Honor, in his opening remarks [the prosecutor] stated that there were only — you know, he started talking about Mark Pollard and Karen Purser being the only persons that knew what really happened out there. But he went on to mention 'and Allen Purser,' and he mentioned the defendant by name, Your Honor, and I objected at that time. The Court allowed [the prosecutor] to continue.
 "Your Honor, there [is] a wealth of cases that say to mention or to reflect in any way, either directly or indirectly, on the defendant's right to testify or not to testify as he sees fit [is] reversible error.
 "I believe that that was an indirect, if not direct — I believe it was a direct but certainly an indirect comment on this defendant's testimony, giving the clear impression to this jury from the very get-go of this case, Your Honor, that one of the only people out there that could tell us what happened was Allen Purser. And if he does not take the stand, that is going to irreparably prejudice Mr. Purser. That damage cannot be overcome by any curative instructions, and I respectfully ask for a mistrial and renew my objection.
"THE COURT: [Prosecutor], do you wish to respond?"
"[PROSECUTOR]: No, sir."
 "THE COURT: It's my understanding that assuming that that was an indirect, for the purpose of your argument, that that was an indirect, and which the Court considers a rather obscure unintentional reference to the defendant testifying, that you do not wish me to give any curative instructions at all?"
 "[DEFENSE COUNSEL]: Well, Your Honor, if the Court gives curative instructions, which is certainly the Court's option, in my opinion, Your Honor, that is going to worsen it. But I would certainly ask the Court to give curative instructions, *Page 304 
but I would let the Court know that when you do so, Your Honor, I'm going to feel compelled — because I can't think of anything, Judge McCormick, that you could say that would undo that. And if you would like to try to give opportunity for curative instructions if you can think of something that I can't that will work, then I invite that. I ask for it, in fact, on behalf of the defendant, but, Your Honor, I don't see how you can do anything under those circumstances.
 "And case law is very clear. Recently I had a case with Mr. Rumsey up in Talladega County, who did virtually the same thing, and the Court ruled in that case —"
 "THE COURT: Well, I don't think you can compare this to Mr. Rumsey's statements by any means.
 "The Court, for the record, based on what I heard in the opening statements, the State did not comment on the defendant's potential testimony in any respect, that at the time the motion was made I would have been glad to give any curative instructions. However, I don't think that it reached that point where it was necessary, and I think [the prosecutor] stated an obvious thing, that there was only — he expected the evidence to show there were only three people there at the scene at the time, including the defendant.
 "I deny your motion for a mistrial. Anything else?
"[THE PROSECUTOR]: No, sir.
 "[DEFENSE COUNSEL]: No, Your Honor. An exception for the record."
The above portion of the record shows that defense counsel did specifically object during the bench conference held immediately after the prosecutor's comment. The court accepted the defense attorney's reiteration of the grounds for the objection, and the prosecutor did not object. The objection, as reconstructed above, was very specific and directly to the point now being argued.
During the conference quoted above, the defense attorney invited the trial court to give curative instructions, but stressed that he could not see how any curative instruction would overcome the prejudice already caused to Purser. The trial court responded by saying that the State had not commented on Purser's right not to testify, but instead had commented only about what the evidence would show — that there were only three people present at the scene of the alleged crime. The trial court went on to say that it would have been willing to give curative instructions at the time the objection was made, but that it never "reached [the] point where it was necessary" to do so.
The Alabama Constitution of 1901, article I, section 6, declares that, "in all criminal prosecutions, the accused has a right . . . to testify in all cases, in his own behalf, if he elects so to do, . . . and he shall not be compelled to give evidence against himself."
Section 12-21-220, Ala. Code 1975, provides:
 "On the trial of all indictments, complaints or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness, and his failure to make such a request shall not create any presumption against him nor be the subject of comment by counsel. If the district attorney makes any comment concerning the defendant's failure to testify, a new trial must be granted on motion filed within 30 days from entry of the judgment."
A comment on the defendant's failure to testify is to be "scrupulously avoided". Arthur v. State,575 So.2d 1165, 1186 (Ala.Crim.App. 1990), cert. denied,575 So.2d 1191 (Ala. 1991). Where there has been a direct comment on, or direct reference to, a defendant's failure to testify and the trial court does not act promptly to cure the comment, the defendant's conviction must be reversed. Ex parteWilson, 571 So.2d 1251 (Ala. 1990). Where the comment is an indirect, rather than a direct, comment on the defendant's failure to testify, the conviction must be reversed if there is a close identification of the defendant as the person who did not become a witness. Wilson, 571 So.2d at 1261. *Page 305 
In Ex parte Wilson, supra, the district attorney made the following comment on the defendant's failure to testify: "I can't tell you what that woman went through during that night, because there is only one eyewitness, and he ain't going to tell you." Id., at 1259. In Ex parteWilliams, 461 So.2d 852 (Ala. 1984), the Court held that the following statement was a comment on Williams's failure to testify, even though a third person, Jo Ellen Emerson, was present when Williams confessed to Sergeant Don Emerson:
 "But there's no testimony that he was coerced into making a statement about something he didn't do. . . . There's no evidence presented on the stand that Danny Ray Williams made a statement for something he didn't do."
461 So.2d at 853. This Court reversed the holding by the Court of Criminal Appeals that this comment could have been understood as referring to the fact that Jo Ellen Emerson did not testify. The Court cited the similar case of Street v.State, 266 Ala. 289, 96 So.2d 686 (1957), in which the prosecutor had rhetorically asked the jury, "[H]as anyone taken the stand and denied that the defendant signed the statement?" In Street, a sheriff who had witnessed Street's signing of the statement did not testify, but the Court held that the prosecutor's question referred to Street's failure to testify, not to his failure to call the sheriff as a witness. In Whitt v. State, 370 So.2d 736, 737 (Ala. 1979), the Court held the following to be an impermissible comment on the defendant's failure to testify: "The only person alive today that knows what happened out there that night is sitting right there." In Beecher v. State, 294 Ala. 674,320 So.2d 727 (1975), the Court held that the statement, "No one took the stand to deny it" was a comment on Beecher's failure to testify, where "it" was testimony given by Kenneth Ray Phillips regarding a statement allegedly made by Beecher when no one but Beecher and Phillips was present. In Warren v. State,292 Ala. 71, 288 So.2d 826 (1973), the Court held that the statement "The only one that said he didn't sell it [marijuana] was the little brother" was an impermissible comment on Warren's failure to testify, where only three people — Warren, his brother, and the State's witness — were present when Warren allegedly sold the marijuana and where both the State's witness and the brother had testified.
The prosecutor here said that only Karen Purser was present and that she could tell the jury what happened. He then corrected himself to say, "She's not the only one, other than Mark Pollard, who is no longer with us, and Allen Purser, who is on trial. . . ." The understanding that one would ordinarily expect a juror to derive from this statement is that besides Karen Purser, Allen Purser was the only one who could tell what happened, because Mark Pollard was dead. The prosecutor obviously never meant to say that Karen was out there alone; his point, rather, was that she was the only person who was there who would testify. The statement must therefore be viewed as a comment on the fact that any description of the events other than Karen Purser's could come only from the defendant. Clearly, the comment pointed the jury's attention to the question of whether Purser would testify and thus either pressured Purser to testify (in which case the remark would also violate § 6) or constituted a comment on the expectation that he would not testify. This comment is indistinguishable from those held improper in the cases cited above. For the reasons stated by Judge Harris in Collins,supra, the fact that this comment came in an opening statement rather than in a closing argument is irrelevant. For the foregoing reasons, the comment violated art. I, § 6, Ala. Const. 1901, and § 12-21-220, Ala. Code 1975, and the trial court erred in overruling the objection to it.
Regardless of whether the defense attorney declined, as the Court of Criminal Appeals held, or invited, as we read the record, a curative instruction at the later conference on the record, a later curative instruction is not nearly as likely to eradicate error as a prompt one would be. As this Court has stated:
 "A curative instruction in a situation of this type, to be of any value, must be *Page 306 
given immediately after the harmful statement is made."
Wilson, supra, at 1265. At the bench conference held to preserve the record, the trial court stated, "I don't think that it [the comment] reached that point where it [a curative instruction] was necessary." With the trial court having overruled the objection, which asserted that the remark was a comment on whether the defendant would testify, it would have been futile for the defendant to request a curative instruction during the original off-the-record bench conference, so it is immaterial whether he actually requested an instruction at that time.
The judgment is reversed, and the cause is remanded to the Court of Criminal Appeals.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS and HOUSTON, concur.
STEAGALL, KENNEDY and INGRAM, JJ., dissent.