187 So.2d 271

Sanford **KNOX**

v.

**STATE.**
4 Div. 555.

Court of Appeals of Alabama.

April 5, 1966.

Rehearing Stricken May 10, 1966.

J. Hubert Farmer, Dothan, for appellant.

Richmond M. Flowers, Atty. Gen., and Julian S. Pinkston, Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal was submitted March 31, 1966.

Knox was convicted of the crime against nature on the person of a ten year old boy. Code 1940, T. 14, § 106. The trial judge sentenced him to four years in the penitentiary.

His defense was alibi.

I.

The sole question urged as error came on the State's cross-examination of the defendant. The following transpired:

"Q  Didn't the father, Isaiah Long, talk to you another time, in 1962 about molesting these children?

"MR. FARMER:  We object.

"THE COURT:  Overrule your objection.

"A  You mean some of the Long children?

"Q  Yes.  Didn't he talk to you about it?

"MR. FARMER: If Your Honor please, I am still objecting; he gave no time that is questioned.

"THE COURT: This is cross-examination, as to whether or not the father, as I understand it, had made complaint of this defendant prior to that.

"MR. FARMER: There is no time set in his question.

"THE COURT: Go ahead.

"Q  In 1962, did Isaiah Long, Sr., hire you to sit with the children while he and his wife worked?

"A MR. FARMER: We object.

"THE COURT: Overrule your objection.

"A Yes, sir.

"Q When was that in 1962?

"A Summer of 1962.

"MR. FARMER: We move to exclude his answer.

"THE COURT: I overrule your motion.

"MR. FARMER: We except.

"Q You sat with them while they worked?

"Q When was it he made a complaint to you about what you had done, then?

"A Well, I will tell you what it all started about.

"Q That is what I want to know?

"A His wife was supposed to come home at 3:30 and the first week she gave me a dollar and the next week she gave me 50¢ and the next Saturday I said, 'Wait a minute; I am getting tired of this. If you don't come home on time.' I said, 'Who is this man that keeps coming here, wanting you?' She said, 'What man?' I said, 'He didn't tell me his first name. He just told me his last name, Porter, is all I know.' She said, 'Yes, and you are the one that has been talking to Isaiah about me.' I said, 'Child, I never mentioned your name in my life.' I said, 'It is five o'clock now and you supposed to have been here at 2:30.' I said, 'I ain't going to stay no more.' That is exactly what I said. She said, 'What am I going to tell Isaiah, the reason you quit?' I said, 'I don't care what you tell him and if he asks me, I am going to tell him the truth.' So I picked up my hat and walked out. I went home and Sunday Morning Isaiah Long came to my house

and he said 'Hi' and I. said, 'Hi', and he walked up, sort of like, and he said, 'I don't want you to stay with the children no more.' I said, 'I am not going to stay with them no more.' And he told me,. 'She said she caught Jerry and this Junior doing an unnatural sex act.' That is what he told me. Isaiah told me that they said I told them how to do it. I said, 'If I ever said the first word in front of the children, I don't remember it.'

"Q That is all that was said at that time?

"A That is what was said."

▪ The expression, "We object," was insufficient to call the court's attention to the rule of Brasher v. State, 249 Ala. 96, 30 So.2d 31. See also Mason v. State, 259 Ala. 438, 66 So.2d 557 (hn. 1), 42 A.L.R.2d 487.

That rule, as we understand it, is: to admit evidence of other earlier sexual offenses (which are not otherwise admissible in cross examining a defendant theretofore convicted of a felony), the State must confine the question to (1) an act with the same person, and (2) of the similar type crime as the charge being tried.

The ground, "he gave no time that is questioned," if it is a correct transcription, is vague. If it was intended to confine the enquiry to some point in time prior to the time of the act for which Knox was indicted, then this omission was cured by the trial judge's clarification. The solicitor,. taking his. cue, amended the question to embrace a time in 1962.

▪ If, under *Brasher,* supra, there was error in allowing the question, the harmless error rule (Supreme Court Rule 45) and the failure to make an apt ground of objection require affirmance.

Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed. 408, upholds as a legitimate and adequate State ground a requirement that a defendant make contemporaneous objection to the reception of illegal evidence.

The judgment below is due to be

Affirmed.