279 So.2d 119

**Larry PITTS**

v.

**The STATE of Alabama.**

**SC 363.**

Supreme Court of Alabama.

June 7, 1973.

Hanson & Allen, Albertville, for appellant.

William J. Baxley, Atty. Gen., and George W. Royer, Jr., Asst. Atty. Gen., for the State.

FAULKNER, Justice.

Larry Pitts was convicted of selling 36 black amphetamine capsules to an undercover agent in Marshall County, and sentenced to three years in the penitentiary. He appealed to the Court of Criminal Appeals, and the cause was transferred to this Court.

The facts are not complex. The undercover agent, E. B. Taylor, was in the parking lot of Jack's Hamburgers, Albertville, Alabama, on December 18, 1971. He mentioned that he'd like to have some "speed", and the defendant said he would get some. According to Taylor, the defendant left the parking lot of Jack's Hamburgers, returned twenty minutes later with a bottle containing 36 black capsules, and sold them to him for $30. Subsequent chemical analysis revealed that the principal constituent of the capsules was amphetamine.

The defendant took the stand, admitted prior convictions for grand larceny and burglary, stated that he used heroin and amphetamines, admitted being present when the sale of the 36 black pills was made, but said someone else had sold them. The jury returned a guilty verdict.

Five arguments are advanced on appeal: (1) That the undercover agent was improperly permitted to testify to a conclusion, i. e. that he was not intoxicated the night of the sale; (2) that there was a defect in the chain of custody of the drugs from undercover agent to laboratory; (3) that defendant was convicted on the uncorroborated testimony of the undercover agent, who was an accomplice; (4) that entrapment was established as a matter of law; and (5) that two of his jury charges were improperly refused.

■ During his testimony, Mr. Taylor, the undercover agent, stated that it was customary for him to drink alcoholic beverages while working undercover, so his temporary associates would not ask him to take drugs or suspect him for not doing so. The defense attempted to cast doubts on the validity of Taylor's testimony since he admittedly had been drinking when he made the buy of drugs.

The State to rehabilitate his prior testimony asked Taylor whether he had been intoxicated that evening, and Taylor stated that he hadn't been. The defense objected on the ground that this was a conclusion of the witness. The court overruled the objection. Taylor testified that he would have just enough liquor to get it on his breath, so that the drug dealers would be convinced he was drinking. In response to a defense question, he stated again, without objection, that he had not been intoxicated on this particulat night.

Any error in admitting this evidence was cured when the same evidence was later elicited by the defendant and permitted to remain in the record without objection.

■ The undercover agent testified that he put the bottle of pills bought from the defendant in his left boot, and after midnight turned it over personally to another agent at the Ranch House Motel. In cross-examination, defense counsel attempted to create the impression that Taylor may have made other buys, and some-

how confused which drugs came from which suspect. There was no evidence whatever of any mistake as to which drugs came from whom: Taylor's testimony was that he counted the 36 black pills in the bottle sold him by the defendant, placed them in his left boot, and later turned them over to another agent that same night. A bottle with 36 pills of the exact type was later received by the State Toxicologist from the second agent. There is no defect apparent in the chain of custody.

■ Appellant argues that the undercover agent was his accomplice, and that he cannot be convicted on the latter's testimony. An undercover agent who purchases unlawful drugs in pursuance of his law enforcement duties is not an accomplice of the seller. Gilliland v. State, 291 Ala. 89, 277 So.2d 901 (1973); Brown v. State, 44 Ala.App. 135, 203 So.2d 700 (1967).

■ Although the entrapment issue was submitted to the jury with a correct charge, appellant contends that the evidence of entrapment was so overwhelmingly strong that this defense was established as a matter of law. We disagree. The undercover agent asked to buy, and the defendant sold. We have repeatedly held that entrapment is not available as a defense to a person who has the intent and design to commit a criminal offense and who commits the essential acts constituting it, merely because an officer of the law, in his effort to secure evidence against such person, affords him an opportunity to commit the criminal act. Gilliland v. State, supra; Boswell v. State, 290 Ala. 349, 276 So.2d 592 (1973); Johnson v. State, 36 Ala.App. 634, 61 So.2d 867 (1952). We see no untoward pressures or trickery in the conduct of the undercover agent in this case.

■ Appellant contends that two of his proposed jury charges were improperly refused. One of them is embodied word for word in another charge requested by defendant and given by the trial judge.

No error appears in refusing to give a redundant charge. Title 7, § 273, Code of Alabama 1940, Recompiled 1958. The other refused charge intimates that an undercover agent cannot buy illegal drugs from a suspect unless he had "probable cause" to believe that the latter had previously made illegal drug sales. We know of no such rule of law.

No error appears in the record. The judgment and sentence are affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD, and MADDOX, JJ., concur.