312 So.2d 65

**L. A. LANGFORD**

v.

**STATE.**

**4 Div. 320.**

Court of Criminal Appeals of Alabama.

April 22, 1975.

Charles T. Morris, Opp, for appellant.

William J. Baxley, Atty. Gen., and Brent Thornley, Asst. Atty. Gen., for the State.

LEIGH M. CLARK, Supernumerary Circuit Judge.

This is an appeal from a conviction under an indictment charging defendant with abusing a girl under the age of twelve years, in the attempt to have carnal knowledge of her. The indictment followed substantially the language of the applicable

statutory law contained in Title 14, Section 398, Code of Alabama as follows:

> "Any person who has carnal knowledge of any girl under twelve years of age, or abuses such girl in the attempt to have carnal knowledge of her, shall, on conviction, be punished, at the discretion of the jury, either by death or by imprisonment in the penitentiary for not less than ten years."

The jury fixed the lightest punishment possible, imprisonment in the penitentiary for ten years, and the trial court duly sentenced him accordingly.

The victim, a mentally retarded girl ten years of age, testified definitely as to circumstances which, if true, clearly show defendant's guilt of the crime charged. There was corroborating testimony by a younger brother and by an older brother, who said that they saw defendant while he was in the process of sexually abusing the child.

The child's mother was not present at the time of the alleged occurrence. She testified that upon returning home soon thereafter the child complained to her.

Defendant stoutly denied any abuse or attempted abuse of the alleged victim. He had the benefit of witnesses who testified as to his good reputation.

That there was substantial evidence to support the verdict there can be no doubt. The strength of evidence could better be determined by an impartial arbiter who saw the witnesses and heard what they said than by anyone else. The contradiction between the evidence for the State and the evidence for the defendant raised a question of fact solely within the province of the jury. The trial court correctly overruled defendant's motions to exclude the evidence and correctly refused requested affirmative charges in favor of defendant.

We see no necessity for, and we refrain from setting forth the sordid details, other than those essential to a full consideration of questions hereafter discussed.

A line of cleavage between the parties on appeal is as to the action of the trial court in permitting the mother of the alleged victim to testify what the child told the mother soon after the mother first saw her after the alleged occurrence. The contentions of the parties center upon a part of the record as follows:

> "Q   And did you talk to  .  .  .  [the alleged victim]?
>
> "A   Yes, sir.
>
> "Q   Did  .  .  .  [she] tell you anything that day?
>
>> "MR. JONES: I object to that.
>>
>> "THE COURT: Overrule.
>>
>> "MR. JONES: I except.
>
> "A   Yes, sir, she told me.
>
> "Q   What did she tell you, Mrs. .  .  . ?
>
>> "MR. JONES: I object.
>>
>> "THE COURT: If it goes to a complaint about the incident it is admissible. If it goes to something else I will sustain it. I'll just have to hear it, and exclude it if it is not proper.
>>
>> "MR. JONES: I object at this time unless there is a determination of the other witnesses that are going to testify. That witness Rebecca Henley, if she is going to testify.
>>
>> "THE COURT: I don't know whether she is or not.
>>
>> "MR. JONES: I am objecting to it.
>>
>> "THE COURT: Overrule.
>
> "Q   All right, did she make a complaint to you? Your daughter, did she complain to you about something?
>
> "A   Yes, sir.

"Q  What did she tell you about it?

"MR. JONES: I object again.

"THE COURT: Overrule.

"MR. JONES: We except.

"A  She told me about L. A. trying to mess with her. I took her to my bedroom because I didn't want  .  .  .

"MR. JONES: I object not being responsive to any question.

"THE COURT: Yes, sustain.

"Q  Now just answer the question that I ask. Where did you talk with her?

"A  In the bedroom.

"Q  And was this shortly after this incident was supposed to have happened?

"A  Yes, sir.

"Q  How long after?

"A  Well, it happened between  .  .  .

"MR. JONES: I object.

"THE COURT: Yes, sustain.

"Q  All right. What did she tell you?

"MR. JONES: I object again.

"THE COURT: Overrule.

"MR. JONES: We except.

"Q  What did she tell you about Mr. Langford messing with her?

"MR. JONES: I object.

"THE COURT: Overrule.

"MR. JONES: I except.

"A  She told me that L. A. hurt her with his thing.

"Q  Hurt her with his thing?

"A  Yes, that's what she told me.

"Q  And did you ask then what time this happened?

"A  Yes, sir.

"A  And what did they say?

"MR. JONES: I object.

"THE COURT: Sustain.

"Q  Did you ask her did he hurt her?

"MR. JONES: I object.

"THE COURT: Sustain.

"Q  Did she tell you anything about whether he hurt her?

"MR. JONES: I object to that.

"THE COURT: You have already been over that. She has already told you.

"Q  And then what did you do, Mrs. .  .  .?

"MR. JONES: I object.

"THE COURT: Overrule.

"MR. JONES: We except.

"THE COURT: You may answer. He asked you what you did after the child related the incident to you.

"A  I didn't have any way to the doctor so I called Mr. Johnny Metcalf.

"Q  Is he a city policeman?

"A  Yes, sir."

There seems to be no disagreement between the parties on appeal as to the well established principles in rape and related cases well stated in McElroy, Law of Evidence in Alabama, (2d ed.) § 178.01 as follows:

"The mere fact of making complaint is always admissible in support of the testimony of the woman. Lacy v. State, 45 Ala 80; Smith v State, 47 Ala 540; Barnett v State, 83 Ala 40, 3 So 612; Gaines v State, 167 Ala 70, 52 So 643.

"  .  .  .

"The details or particulars of a complaint cannot be shown by the prosecution in the first instance. Therefore, complaints specifying the identity of the person accused, or specifying the inju-

ries claimed to have been received, or otherwise specifying the minute circumstances of the offense are not admissible. Barnett v State, 83 Ala 40, 3 South [So.] 612; Hall v State, 248 Ala 33, 26 So2d 566. . . ."

That the admission of the quoted testimony cannot be justified by the principles of law above stated is apparently conceded with admirable candor by the State by the following language in its brief:

"The main thrust of appellant's argument is based on the holding in Lang v. State [40 Ala.App. 705] 122 So.2d 526; in prosecution for sexual offenses, the State, in its main case, may not show by examination of the prosecutrix, or a third party, anything more than a bare complaint unless the complaint constitutes a part of the res gestae. *Appellee readily admits the applicability of this case, but submits that it is the exception dealing with res gestae that controls the instant case.*" [Emphasis supplied]

We agree that the evidence contained more than the recital of a mere complaint, but we do not agree that it is made admissible by reason of any proper application of the "res gestae" rule. Appellee relies upon the principle set forth clearly and comprehensively in McElroy, Law of Evidence in Alabama, (2d ed.) § 265.01 under the heading of Spontaneous Exclamations and referred to therein also as "excited utterances." Judge McElroy convincingly shows that the length of time between the actual "act done" and the utterance is not as important a factor in determining the admissibility of a particular utterance "if made under the nervous excitement produced by a startling occurrence" as it would be if the utterance is made under placid circumstances. Nevertheless, the necessity for spontaneity is definitely recognized. According to Judge McElroy:

"The Statement 'must be the apparently spontaneous product of that occurrence operating upon the visual, auditory, or other perceptive senses of the speaker. The declaration must be instinctive rather than deliberative___in short, the reflex product of immediate sensual impressions, unaided by retrospective mental action.' Illinois C R Co v. Lowery, 184 Ala 443, 63 So 952, syl 6."

In Daniell v. State, 37 Ala.App. 559, 73 So.2d 370, cert. denied, 261 Ala. 145, 73 So.2d 375, the court held:

"However if the complaint is contemporaneous with the main occurrence, and so closely connected with it as to illustrate its character it may be admitted as part of the res gestae. We are clear to the conclusion that under the State's evidence the complaint of the prosecutrix was part and parcel of the main act. Under prosecutrix' testimony, after she succeeded in escaping from the appellant's truck and thus thwarting appellant's avowed intent to ravish her, she was followed by the appellant who was attempting to get her back in his truck. Upon their meeting Rowe and ·Maze the appellant threatened to kill her if she got into their truck. It was during this continuing time that her complaint to Rowe was made. The court was therefore correct in it's conclusion that the complaint should have been admitted as part of the res gestae.

"This being so the scope of the evidence is no longer limited to showing a bare complaint, but the complaint itself is admissible. See 44 Am.Jur. Sec. 85; Lacy v. State, 45 Ala. 80; Griffin v. State, 76 Ala. 29; Barnett v. State, 83 Ala. 40, 3 So. 612."

In our opinion the circumstances presented in the instant case fall far short of those found in *Daniell,* as well as in all other cases to which our attention has been directed in which the identification of the assailant (abuser) or other details of a complaint of a sexual assault (abuse) have been held to meet the test of spontaneity. In *Daniell* the prosecutrix made the complaint just as she saw the witnesses after she had escaped the defendant and had run

down the road about a quarter of a mile. The defendant had followed her on foot half that distance and then returned to his truck and followed her in it and "was insisting that she get back in his truck." The record shows her great excitement at the time of her statement, one of the witnesses stating that "she looked like she saw a ghost or something."

■ No like circumstances are shown in this case. Little fault can be found in an assumption that the child was excited at the time of her statements to her mother, apparently twenty or thirty minutes after the alleged crime, but such assumption could be based solely upon a concept of usual natural reactions to such an offense. There was no effort by the State to show her excitement, which could have been easily shown, if there was any. We are unwilling to state that the natural and normal disposition of such victims under any and all circumstances, including as in this case an absence of objective signs of physical injury while being examined promptly thereafter by a physician, is always sufficient to show an extension for any substantial measured length of time of excitement or instinctiveness in a particular individual as distinguished from deliberation. This case, as bad as it is, does not fall within any special category of rape or sexual abuse of children that relieves the State of the duty of showing by some evidence, if it can, special circumstances that warrant the application of a special rule of inclusion, which is an exception to a general rule of exclusion.

Our conclusion that the statements of the girl do not meet the test of spontaneity does not offend any principle that such decision should be largely left to the discretion of the trial judge. On the other hand, it finds support in the fact that apparently neither the State nor the trial court took the position that the evidence was admissible as constituting a part of the res gestae or a spontaneous exclamation. The trial judge stated, "If it goes to a complaint about the incident it is admissible. If it goes to something else I will sustain it. I will just have to hear it, and exclude it if it is not proper."

Aside from the question of the admissibility of the statements made by the girl to her mother, we find obstacles to a reversal of the case by reason of their admission.

■ The pertinent part of the record, as quoted above, shows that defendant, in making an objection to the evidence of which he complains, stated no grounds whatever for his objection. It is clear that he objected repeatedly, saying, "I object," "I object again" and "I object.", but he assigned no grounds, general or specific (other than ones not applicable to the point now considered), for the objections. Such an objection is not sufficient to place the trial court in error for overruling the objection. To hold otherwise would not be in accord with that which has been held in several cases, including some we now discuss. In Granberry v. Gilbert, 276 Ala. 486, 163 So.2d 641, it was held that the general objection was not sufficient to raise the point that the testimony admitted over that objection was illegal hearsay. In Southern Railway Co. v. Dickson, 211 Ala. 481, 100 So. 665, it was held that an objection to a question seeking to elicit testimony from a witness of a prior self-contradictory statement by another witness on the ground that a proper predicate has not been laid is not sufficient to raise the point that the offered impeaching testimony does not follow the predicate—because the objection failed to point out specifically wherein the predicate for impeachment was insufficient. It was held in Knox v. State, 43 Ala.App. 215, 187 So.2d 271, cert. denied, 279 Ala. 688, 187 So.2d 273, that an objection by the defendant (in a charge that defendant committed the crime against nature on the person of a 10-year old boy) consisting only of "We object" is not sufficient to raise the point that evidence admitted over that objection was violative of the rule that evidence of the defendant's

earlier sexual offenses with persons other than the boy named in the indictment is not admissible.

■ It is to be noted also that the identical testimony of the mother as to what the girl told her was introduced into evidence by the State on its direct examination of the girl, without any objection or motion to exclude by defendant. A reversal in that circumstance is opposed to the rule stated in Harvey Ragland Co. v. Newton, 268 Ala. 192, 105 So.2d 110, as follows:

". . . Prejudicial error may not be predicated upon the admission of evidence which has been admitted without objection or motion to exclude at some other stage of the trial. Foster & Creighton Co. v. St. Paul Mercury Ind. Co., 264 Ala. 581, 88 So.2d 825; Mobile City Lines v. Hardy, 264 Ala. 247, 86 So.2d 393; Bailey v. Tennessee Coal, Iron & R. Co., 261 Ala. 526, 75 So.2d 117; Lindsey v. Barton, 260 Ala. 419, 70 So.2d 633."

The same principle has been applied in a variety of circumstances. Chrisman v. Brooks, 291 Ala. 237, 279 So.2d 500; Turner v. Blanton, 277 Ala. 536, 173 So.2d 80; Schoen v. Schoen, 271 Ala. 156, 123 So.2d 20; Dyer v. State, 241 Ala. 679, 4 So.2d 311.

■ Furthermore, any error in admitting the testimony was otherwise made harmless by the admission of the same testimony elicited on cross-examination of the mother. In Pitts v. State, 291 Ala. 136, 138, 279 So.2d 119, 120, it is held:

"Any error in admitting this evidence was cured when the same evidence was later elicited by the defendant and permitted to remain in the record without objection."

Pursuant to the requirements of Title 15, § 389, Code of Alabama 1940, we have searched the record for prejudicial error and have found none. The judgment of the trial court should be affirmed.

The foregoing opinion was prepared by Hon. Leigh M. Clark, Supernumerary Circuit Judge, serving as Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.