The defendant was indicted and convicted for the first degree assault of his eight year old son. Section 13A-6-20, Alabama Code 1975 (Amended 1977). He was sentenced to twenty-five years' imprisonment as an habitual felony offender.
 I
The defendant contends that the trial court erred in allowing the State to present evidence of his bad character in its case in chief violating the rule that the prosecution may not take the initiative, in its case in chief, to introduce any kind of evidence as to the accused's evil character, disposition or reputation in order to establish probability of guilt. C. Gamble, McElroy's Alabama Evidence, Section 27.02 (1) (3rd ed. 1977). On direct examination by the State of defendant's wife, the following took place:
 "Q. Now, let me stop you a minute. You say he told James to go get the gun. *Page 989 
Is that your little boy, James Lawrence, Jr.?
"A. Uh-huh.
"Q. And what happened then?
 "A. And so James told him, said, `I ain't getting no gun, Daddy. Every time you get drunk you be wanting to get the gun.'
 "Q. `Every time you get drunk you be wanting to get —'
 "A. `Every time you get drunk you be wanting to get the gun.'
 "MR. BRASSELL (Defense Counsel): Now, we object to this type statement.
"THE COURT: Overruled."
Specific objections or motions are generally necessary before the ruling of the trial judge is subject to review, unless the ground is so obvious that the trial court's failure to act constitutes prejudicial error. Ward v. State, 376 So.2d 1112
(Ala.Cr.App. 1979), cert. denied, Ex parte Ward, 376 So.2d 1117
(Ala. 1979); Slinker v. State, 344 So.2d 1264 (Ala.Cr.App. 1977). If only a general objection is interposed, or only general grounds are assigned in support of the objection, no error results in overruling the objection unless the evidence is illegal for any purpose and cannot be made legal by other evidence or by supplying additional evidence. Ward v. State, supra; Moates v. State, 40 Ala. App. 234, 115 So.2d 277, cert. denied, 115 So.2d 282 (1959); Todd v. State, 380 So.2d 370
(Ala.Cr.App. 1980). An objection without specifying a single ground, such as "I object", "objection", or "we object" is not sufficient to place the trial court in error for overruling the objection. Smoot v. State, 381 So.2d 668 (Ala.Cr.App. 1980);Tuck v. State, 384 So.2d 1240 (Ala.Cr.App. 1980). The only exception to the rule that an objection must fairly and specifically point out the particular grounds on which error is alleged to have occurred is where there is no purpose at all for which the evidence could have been admitted. Cook v. State,384 So.2d 1158 (Ala.Cr.App. 1980), cert. denied, Ex parte Cook,384 So.2d 1161 (Ala. 1980); Nichols v. State, 267 Ala. 217,100 So.2d 750 (1958).
After a question is asked and a responsive answer given, an objection comes too late, and the trial court will not be put in error for overruling the objection. Chambers v. State,356 So.2d 767 (Ala.Cr.App. 1978); Wright v. State, 380 So.2d 398
(Ala.Cr.App. 1980). No objection was made until after the reiterated question was asked and answered a second time. Therefore the objection, even if it be considered sufficient, was not timely and preserved nothing for review.
In addition, when the victim, James Lawrence, Jr., took the stand the following took place on direct examination:
 "Q. He had the gun in your mother's stomach, and what happened then?
 "A. And then I told him to — I told him every time he gets drunk he always comes home and gets that gun.
 "Q. You told him that every time he gets drunk he always comes home and gets that gun?
"A. Yes, sir."
These questions and answers came in without objection or motion to exclude.
Prejudicial error may not be predicated on admission of evidence which has been admitted without objection or motion to exclude at some other stage of trial. Langford v. State,54 Ala. App. 659, 312 So.2d 65 (1975); Pitts v. State, 291 Ala. 136, 279 So.2d 119 (1973). The admission of incompetent evidence is harmless error where the fact to which such evidence relates is otherwise established by competent evidence. Chambers v. State, 400 So.2d 436 (Ala.Cr.App. 1981).
 II
Defendant also claims error in the trial judge's overruling defendant's objection to the introduction into evidence of State's exhibit number 1, which was a diagram of the scene of the crime with pictures attached. At trial defense counsel argued that the pictures were inflammatory and should have been excluded.
State's exhibit 1 consisted of a large piece of poster paper with a diagram of the walls and two entrances of a house indicated. In *Page 990 
and around the diagram are seven photographs taken on the night of the shooting. Some of the pictures represent different angles of the same area of the house.
In three of the pictures, smudges or droplets of blood were photographed on the floor. Although we do not find these photographs gruesome or revolting, a finding to the contrary, in and of itself, would constitute no ground for excluding the photographs from evidence. Palmore v. State, 283 Ala. 501,218 So.2d 830 (1969); Retowsky v. State, 333 So.2d 193 (Ala.Cr.App. 1976); McKee v. State, 253 Ala. 235, 44 So.2d 781 (1950). If a photograph illuminates issues in any way and is relevant, it is admissible in a criminal proceeding, though the photograph would have a tendency to inflame the minds of the jury. Hurstv. State, 54 Ala. App. 254, 307 So.2d 61 (1974), cert. denied,Ex parte Hurst, 293 Ala. 548, 307 So.2d 73 (1975).
In his brief the defendant also contends that the photographic exhibit does not accurately represent the scene of the crime.
At trial, defense counsel's objection was:
 "Your Honor, we object to the introduction of those pictures. The blood is shown to influence the jury, just to inflame them, and we object. This case is tragic enough and we feel like that's the reason they want to show it to the jury."
Where a specific objection to admission of evidence is made at trial, all other grounds are waived. Howell v. State,369 So.2d 297 (Ala.Cr.App. 1978), writ denied, Ex parte Howell,369 So.2d 303 (Ala. 1978); Johnson v. State, 365 So.2d 123 (Ala.Cr.App. 1978), writ denied, Ex parte Johnson, 363 So.2d 130 (Ala. 1978).
The ground that the photographs misrepresented the scene of the crime is without merit. After examining the pictures and exhibit as a whole, this Court finds that the pictures were not misleading as contended, but are merely shots of different angles of portions of the house. Even though there were two pictures of the fireplace, and three pictures of the bullet fired, oral evidence presented by the State clearly indicated that there was only one fireplace in the house and only one bullet fired.
Defendant also claims that the photographs lacked probative value. The fact that a photograph has very little probative value does not prevent its admission in evidence where the photograph will tend to shed light on, strengthen or illustrate the truth of other testimony, or where the photograph has reasonable tendency to prove or disprove some material fact or issue in the case, or is used to identify the deceased or to illustrate the location, nature or extent of a wound. Gilmorev. State, 346 So.2d 1193 (Ala.Cr.App. 1977). The evidentiary rule in this state favors the admission of photographs and affords the trial court a wide and liberal latitude in the admission of photographs illustrative of a criminal transaction and the surrounding circumstances. Arnold v. State,348 So.2d 1092 (Ala.Cr.App. 1977), cert. denied, Ex parte Arnold,348 So.2d 1097 (1977); Lewis v. State, 339 So.2d 1035 (Ala.Cr.App. 1976), cert. denied, 339 So.2d 1038 (Ala. 1976).
Here the photographs depicting the blood of the child on the floor of the house were properly admitted into evidence as illustrative of violence and shooting employed. Arnold, supra;Green v. State, 252 Ala. 513, 41 So.2d 566 (1949). As such, the photographic evidence was relevant and probative in establishing a prima facie case of assault by the State.
This Court has carefully reviewed the record as required by law and have found no error prejudicial to the substantial rights of the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur. *Page 991