On May 26, 1982, the Marion County Grand Jury indicted appellant, Waymon P. Barnes, for the murder of his common-law wife, Lillie Barnes. He was subsequently tried and convicted of manslaughter, and on May 20, 1983, he was sentenced to twenty years' imprisonment pursuant to the habitual felony offender statute.
Robert Mitchell, appellant's former stepson, testified that on March 26, 1982, he went to the Barnes residence to request appellant's help in repairing his car. Appellant had a motor repair business located behind his home, and when Mitchell arrived, appellant, Lillie and Dennis Ray were there drinking and talking. Mitchell joined them, and, when the beer ran out, he and Ray went out and bought more. The foursome moved into the house to play poker and continue drinking.
Between nine and ten o'clock that night Ray became too drunk to play any longer, so Mitchell drove him to his girl friend's house and left him there. Mitchell then returned to the Barnes residence, where he found the aftermath of a fight between appellant and his wife.
Lillie was propped up on a wall, and her appearance suggested a recent beating. Her face was swollen, with knots all over it, her lip was cut and her hair was in disarray. Mitchell observed that she had difficulty walking, and that she and appellant were arguing.
Mitchell used the bathroom at the Barnes residence and then he and appellant left to buy more beer. When the two men returned, about thirty minutes later, Lillie was lying unconscious on the floor. Appellant placed a pillow under her head and a blanket over her. Mitchell left.
James Jones, an emergency medical technician, arrived at the Barnes residence some time after three o'clock the following morning. He found Mrs. Barnes lying unconscious in the living room floor with several bumps and knots on her forehead, and a dilated pupil, indicative of trauma to the brain. He considered her to be in serious condition and elected to transport her to the closest hospital. Appellant was present and reported to Jones that he and his wife had been drinking and fighting.
Dr. John Nofzinger, a neurological surgeon, performed an operation on Mrs. Barnes to relieve pressure on her brain caused by hemorrhaging and a blood clot. He testified that she had sustained severe brain damage due to a blow or blows to the head and that he was unable to save her life.
Dr. Joseph Embry performed an autopsy on Mrs. Barnes. He reported injuries to her chest, abdomen, rib cage, head and arms. He stated that there were a minimum of eight separate and distinct areas of hemorrhage in her brain which, in his judgment, were caused by blunt force trauma. It was his opinion that Mrs. Barnes died as the result of a beating. *Page 997 
Appellant testified that he and Mrs. Barnes had a fight, and that she struck the first blow, hitting him with an iron skillet. He said that they were both drunk and that when he found her unconscious he assumed that she had passed out from drinking too much. It was not until he got up around three o'clock the following morning and was unable to rouse her that he became concerned enough to call for help.
The first issue raised by appellant on review is whether admission of ten photographs of the deceased into evidence was reversible error. The first three photographs depicted the victim's condition shortly after admission to the hospital for treatment of her injuries. The last seven photographs illustrated Dr. Embry's testimony concerning his postmortem findings. Appellant claims that these exhibits were both redundant and more prejudicial than probative.
The admissibility of photographs into evidence is within the purview of the trial court and will be reviewed only to determine whether there has been an abuse of discretion.Carpenter v. State, 400 So.2d 417 (Ala.Cr.App.) cert. denied,400 So.2d 427 (Ala. 1981); Hurst v. State, 397 So.2d 203
(Ala.Cr.App.), cert. denied, 397 So.2d 208 (Ala. 1981). In addition, the court, in Lawrence v. State, 409 So.2d 987, 990
(Ala.Cr.App. 1982), stated: "The evidentiary rule in this state favors the admission of photographs and affords the trial court a wide and liberal attitude in the admission of photographs illustrative of a criminal transaction." (citations omitted) The court in Lawrence, supra, also stated that "[t]he fact that a photograph has very little probative value does not prevent its admission in evidence where the photograph will tend to shed light on, strengthen or illustrate the truth of other testimony . . ." (citations omitted)
We do not find that the photographs in question were redundant or more prejudicial than probative. They did have a tendency to shed light on, strengthen, and illustrate the testimony of witnesses regarding the victim's condition on first receiving medical attention, and regarding the cause of death. The photographs were, thus, properly admitted into evidence.
Appellant next contends that it was error for the trial court to charge the jury on the elements of manslaughter resulting from reckless or unintentional behavior, since his indictment was for an intentional homicide. The rule in Alabama, however, is that the lesser-included offense instruction should be given where the evidence would support any reasonable theory of the position. Hopper v. Evans, 456 U.S. 605, 102 S.Ct. 2049,72 L.Ed.2d 367 (1982); Fulghum v. State, 291 Ala. 71,277 So.2d 886 (1973). We find no error, under the facts of this case, in the trial judge's charging the jury on reckless homicide.
Lastly, appellant contends that evidence at trial was insufficient to support the guilty verdict.
The Court of Criminal Appeals is required to review evidence before it in the light most favorable to the State and not to substitute its judgment for that of the jury when reviewing sufficiency of the evidence to convict. Gullatt v. State,409 So.2d 466 (Ala.Cr.App. 1981); Crumpton v. State, 402 So.2d 1081
(Ala.Cr.App.), cert. denied 402 So.2d 1088 (Ala. 1981).
Where there is legal evidence from which the jury could by fair inference find accused guilty, this court will not overturn the verdict. Hughes v. State, 412 So.2d 296
(Ala.Cr.App. 1982).
In the case before us the evidence strongly indicates that appellant gave his wife a savage beating which resulted in her death. There was abundant evidence supporting the jury's determination that appellant was guilty of manslaughter.
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur. *Page 998