I concur in the majority's resolution of all the issues raised by the appellant except the issue discussed in Part XIII of the majority's opinion. The majority concludes that this issue was not preserved for appellate review because there was no specific objection at trial. Defense counsel objected to an investigator's testifying about the appellant's mental state. The objection was general. The majority concludes that because the objection was general, it waived all specific objections and nothing was preserved for appellate review. I do not agree.
Normally, a general objection does not preserve a specific issue for appeal. However, there are certain instances where a general objection will preserve error for appellate review.
 "Quoting from Lawrence v. State, 409 So.2d 987
(Ala.Crim.App. 1982), the Court of Criminal Appeals stated:
 " ' "Specific objections or motions are generally necessary before the ruling of the trial judge is subject to review, unless the ground is so obvious that the trial court's failure to act constitutes prejudicial error. Ward v. State, 376 So.2d 1112 (Ala.Cr.App. 1979), cert. denied, Ex parte Ward, 376 So.2d 1117
(Ala. 1979); Slinker v. State, 344 So.2d 1264
(Ala.Cr.App. 1977)." 409 So.2d at 989. (Emphasis added.)' "
Ex parte Purser, 607 So.2d 301, 302 (Ala. 1992).
If the grounds for an objection are obviously plain, no specific objection is necessary. The objection made by the defense counsel put the trial court on notice that the appellant questioned the investigator's right to testify as to the appellant's mental state. This issue should be addressed by the majority; therefore, I dissent.