BOWEN, Presiding Judge.
James Lynn Bynum was convicted for the murder of Jack David McGraw and sentenced to life imprisonment. On this appeal from that conviction, Bynum argues that his confession should not have been admitted into evidence at trial because it was induced by a promise that he would not be prosecuted or that he would not be prosecuted for capital murder.
The factual basis for Bynum’s allegations is stated in his brief on appeal:
“This assertion follows from the fact that during and after the statement was made by Appellant Sgt. White came to the house to tell Mr. and Mrs. Bynum that he believed James’ participation was minimal, and that as long as he cooperated they would try to keep him out of it altogether, (p. 588) Witness Tabatha Davenport, Appellant’s sister, testified that Sgt. White said James and Jimmy were cooperating, that he did not want them, that he wanted to ‘burn Gary and Archie’; and that James and Jimmy would be used as state’s evidence.” Appellant’s brief at 8.
There was no showing that either Bynum’s parents or his sister communicated any of Sergeant White’s alleged representations to Bynum.
At trial, Sergeant White denied making this statement and testified that he did not make any offers or inducements to get Bynum to talk. On cross-examination at trial, Bynum testified that Sergeant White “didn’t promise me anything.” Neither at trial nor at the hearing on the motion to suppress did Bynum ever testify that he confessed because of a promise of leniency.
The decision of the trial court allowing a confession in evidence “ ‘will not be disturbed unless it appears that it is palpably contrary to the great weight of the evidence.’ ” Reeves v. State, 260 Ala. 66, 73, 68 So.2d 14 (1953), reversed on other grounds, 348 U.S. 891, 75 S.Ct. 214, 99 L.Ed. 700 (1954). The trial court’s decision will not be disturbed “unless palpably wrong.” Emerson v. State, 281 Ala. 29, 34, 198 So.2d 613 (1967). The trial court’s finding “will not be disturbed on appeal unless the appellate court is convinced that the conclusion is palpably contrary to the great weight of the evidence and manifestly wrong.” Williams v. State, 461 So.2d 834, 838 (Ala.Cr.App.1983), reversed on other grounds, Ex parte Williams, 461 So.2d 852 (Ala.1984).
Because there is only conjecture and speculation to contradict the trial court’s finding that the confession was voluntary, that finding must stand. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.