Christopher Barbour was convicted of the capital offense of murder during the commission of a rape, a burglary, and arson. See § 13A-5-40(a)(3), (a)(4), and (a)(9), Ala. Code 1975. The jury, by a vote of 10-2, recommended that he be sentenced to death. The trial court accepted the jury's recommendation and sentenced Barbour to death.
The Court of Criminal Appeals affirmed Barbour's conviction and death sentence, and subsequently overruled his application for rehearing. Barbour v. State, 673 So.2d 461 (Ala.Cr.App. 1994). We granted certiorari review pursuant to Rule 39(c), Ala.R.App.P.
Barbour raised the same issues here that he argued in the Court of Criminal Appeals. We have carefully considered the opinion of the Court of Criminal Appeals, which addresses these issues on their merits, and we have examined the record for any plain error, as we are required to do, and we have *Page 474 
also considered the very able arguments advanced by Barbour's counsel at oral argument. We find no errors, in either the guilt phase or the sentencing phase of Barbour's trial, that adversely affected Barbour's legal rights.
The Court of Criminal Appeals, in its opinion, addressed each of the issues that Barbour raised, and based upon our review of that opinion and the record on appeal, and after considering the arguments made in Barbour's brief and at oral arguments, we hold that the judgment of the Court of Criminal Appeals is due to be affirmed.
We elect to address one issue that Barbour states in his brief and that his counsel specifically addressed at oral argument, that is, whether "[t]he Court of Criminal Appeals failed in this case, as it has consistently done, to weigh the imposition of the death penalty as excessive or disproportionate to sentences imposed in similar cases, as required by Code of Alabama 1975, § 13A-5-53(b)(3)." We will address that argument briefly, because this Court is under the same mandate.
Section 13A-5-53(b)(3) reads as follows:
 "(b) In determining whether death was the proper sentence in the case the Alabama Court of Criminal Appeals, subject to review by the Alabama Supreme Court, shall determine:
". . . .
 "(3) Whether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant."
Barbour argues that the Court of Criminal Appeals failed to consider whether the imposition of the death penalty was excessive or was disproportionate to sentences imposed in similar cases, as required by § 13A-5-53(b)(3), in that that court, in making its determination, failed to consider the capital cases that are settled in the circuit courts of this state by plea bargains and those in which defendants who plead guilty to conduct just as reprehensible as the conduct involved in this case do not receive the death penalty. In fact, Barbour argues that Christopher Hester, a co-defendant in this case and who Barbour says was a leader in the commission of the crime, was allowed to plead guilty to noncapital murder and was sentenced to life in prison with the possibility of parole. Therefore, Barbour argues that it is not just, and that it violates the constitutional rights of a capital murder defendant, for an appellate court to compare his conduct only with that of defendants in other cases that have been appealed because the defendant was not satisfied with the result. We cannot accept Barbour's argument. The Legislature, in adopting § 13A-5-53(b)(3), was attempting to follow the mandate of the United States Supreme Court, in Gregg v. Georgia, 428 U.S. 153,96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), that appellate courts examine all death sentences to ascertain "whether the crime was in fact one properly punishable by death, whether similar crimes throughout the state are being punished capitally and whether the sentence of death is appropriate in relation to the particular defendant." Beck v. State, 396 So.2d 645, 664 (Ala. 1980). The United States Supreme Court, in a decision afterGregg, has held that comparative proportionality review is not constitutionally required in every state court death sentence review. Pulley v. Harris, 465 U.S. 37, 43-51, 104 S.Ct. 871,875-80, 79 L.Ed.2d 29 (1984). In fact, the United States Supreme Court has specifically rejected the claim that a capital defendant can prove an Eighth Amendment violation "by demonstrating that other defendants who may be similarly situated did not receive the death penalty." McCleskey v. Kemp,481 U.S. 279, at 306-307, 107 S.Ct. 1756 at 177475,95 L.Ed.2d 262 (1987).
In applying the provisions of § 13A-5-53(b)(3) in this case, we have considered "[w]hether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant." After considering the evidence and after carefully weighing all aggravating and mitigating circumstances, we are *Page 475 
convinced that the sentence is not excessive or disproportionate.
In Wright v. State, 494 So.2d 726 (1985), this Court reaffirmed the holding of the Court of Criminal Appeals inWilliams v. State, 461 So.2d 834 (Ala.Crim.App. 1983), reversed on other grounds, Ex parte Williams, 461 So.2d 852
(Ala. 1984), and held that the defendant's death sentence was not made "disproportionately severe" by the fact that his three coconspirators were convicted of murder in the second degree and were given lesser sentences, because all of the evidence indicated that he was the "triggerman." 494 So.2d at 741.
The trial court found two statutory mitigating circumstances: Barbour's age and the fact that he did not have a long history of felony convictions. The trial court also found two aggravating circumstances: that Barbour committed the capital offense while he was an accomplice in the commission of rape and burglary, and that the capital offense was especially heinous, atrocious, and cruel. The trial court weighed the aggravating and the mitigating circumstances and held that the mitigating circumstances were outweighed by the aggravating circumstances.
Based on our independent review, and applying the principles of law we believe we are required to apply, we hold that the sentence of death is not excessive and is not disproportionate to the penalty imposed in similar cases.
For the foregoing reasons, the judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and HOUSTON, INGRAM, and BUTTS, JJ., concur.
KENNEDY, J., dissents.