KELLUM, Judge,
concurring in part and dissenting in part.
I concur to affirm Taurus Jermaine Carroll’s capital-murder convictions. However, I believe affirmance of Carroll’s death sentence at this time is premature because the circuit court’s sentencing order does not fully comply with § 13A-5-47(d), Ala. Code 1975, which provides:
“Based upon the evidence presented at trial, the evidence presented during the sentence hearing, and the pre-sen-tence investigation report and any evidence submitted in connection with it, the trial court shall enter specific written findings concerning the existence or nonexistence of each aggravating circumstance enumerated in Section 13A-5-49, each mitigating circumstance enumerated in Section 13A-5-51, and any additional mitigating circumstances offered pursuant to Section 13A-5-52. The trial court shall also enter written findings of facts summarizing the crime and the defendant’s participation in it.”
In its sentencing order, the circuit court stated the following regarding the aggravating circumstance that the murder was especially heinous, atrocious, or cruel as compared to other capital offenses:
“The Court finds beyond a reasonable doubt the existence of aggravating circumstance (8) that the capital murder was especially heinous, atrocious or cruel as compared to other capital offenses. The evidence was clear that the victim was repeatedly stabbed about the head and body by the defendant causing substantial and needless physical and mental suffering. This aggravating factor was proven by overwhelming evidence.”
(C. 160.) Of the three sentences in the circuit court’s order, only one contained any factual findings. A single sentence of facts is insufficient to comply with § 13A-5^17(d). See Stallworth v. State, 868 So.2d 1128, 1175 (Ala.Crim.App.2001) (holding that a sentencing order that stated that “[t]he Court finds that the capital offense was especially heinous, atrocious, or cruel compared to other capital offense[s], on constitutional grounds, in that the defendant cut, stabbed and slashed the victim numerous times causing her death” was not sufficient to comply with § 13A-5-47(d) and Ex parte Kyzer, 399 So.2d 330 (Ala.1981), abrogated on other grounds by Ex parte Stephens, 982 So.2d 1148 (Ala.2006)). Although the circuit court did make detailed findings of fact in another part of its order regarding the crime and Carroll’s participation in it, those findings do not address the standard set out in Ex parte Kyzer, As this Court explained in Miller v. State, 913 So.2d 1148 (Ala.Crim.App.2004), when examining a similar defect:
“The court’s order fails to comply with Ex parte Kyzer, because the trial court failed to make specific findings of fact as to why it believed that this aggravating circumstance existed. Although the circuit court made findings of fact in another part of its three-part sentencing order, those facts do not establish specific findings addressing the standard set forth in Ex parte Kyzer. See, e.g., Stallworth v. State, 868 So.2d 1128, 1168 (Ala.Crim.App.2001).
“This Court has approved the application of this aggravating circumstance *1189 when the testimony has established that the victims were stabbed multiple times and that they suffered before they died. See Price v. State, 725 So.2d [1003,] 1062 [ (Ala.Crim.App.1997) ]; Barbour v. State, 673 So.2d 461, 471 (Ala.Crim.App.1994), aff'd, 673 So.2d 473 (Ala.1995), cert. denied, 518 U.S. 1020, 116 S.Ct. 2556, 135 L.Ed.2d 1074 (1996); Hallford v. State, 548 So.2d 526, 546 (Ala.Crim.App.1988), aff'd, 548 So.2d 547 (Ala.1989), cert. denied, 493 U.S. 945, 110 S.Ct. 354, 107 L.Ed.2d 342 (1989). However, when a circuit court has found this aggravating circumstance to exist, this Court has required the court to make specific findings of fact explaining why this aggravating circumstance was applicable.”
913 So.2d at 1152. See also Gobble v. State, 104 So.3d 920, 983 (Ala.Crim.App.2010); McGowan v. State, 990 So.2d 931, 1001 (Ala.Crim.App.2003); Hodges v. State, 856 So.2d 875, 891-92 (Ala.Crim.App.2001); and Waldrop v. State, 859 So.2d 1138, 1147-48 (Ala.Crim.App.2000).
I do not question in this case the existence of the aggravating circumstance that the murder was especially heinous, atrocious, or cruel as compared to other capital offenses. As already noted, the application of this aggravating circumstance is appropriate when the victim is stabbed multiple times and suffers before death, as happened in this case. I question only whether the circuit court’s findings of fact regarding this aggravating circumstance will be sufficient to withstand the years of judicial scrutiny this case will face.
In addition, I point out that the circuit court also failed to make specific findings of fact in its sentencing order regarding each of the aggravating circumstances it found not to exist. After its findings regarding the three aggravating circumstances it found to exist, the court stated: “The Court considers only these aggravating circumstances as having been proved beyond a reasonable doubt in determining the sentence of the defendant.” (C. 160.) This type of technical deficiency in a sentencing order has been held by this Court to be harmless in some situations. See, e.g., Saunders v. State, 10 So.3d 53, 114-15 (Ala.Crim.App.2007), and the cases cited therein. However, when there are other defects in a sentencing order that require remand, as in this case, this Court has routinely ordered correction of this type of defect simultaneously. See, e.g., Gavin v. State, 891 So.2d 907, 996 n. 33 (Ala.Crim.App.2003), and the cases cited therein.
I believe this case should be remanded for the circuit court to make further findings of fact regarding the aggravating circumstance that the offense was especially heinous, atrocious, or cruel as compared to other capital offenses and to make specific findings of fact regarding each of the aggravating circumstances it found not to exist. Therefore, I concur to affirm Carroll’s capital-murder convictions but I respectfully dissent from the affirmance of Carroll’s death sentence.